## Case No. 14,197.

### TROY IRON & NAIL FACTORY v. ERASTUS CORNING et al.

[7 Blatchf. 16.] [1]

Circuit Court, N. D. New York. Sept. 15, 1869.

FEES—SOLICITOR—DOCKET FEE—FOR TAKING DEPOSITIONS.

1. Under the act of February 26th, 1853 (10 Stat. 161), a docket fee of twenty dollars is the highest compensation allowed to a solicitor in a cause; and it can be allowed but once.

[Cited in Goodyear v. Sawyer, 17 Fed. 13; Williams v. Morrison, 32 Fed. 683; Cleaver v. Traders' Ins. Co., 40 Fed. 864.]

2. The provision of that act, allowing to the solicitor $2.50 for each deposition taken and admitted as evidence in a cause, relates to testimony taken out of court, under authority which will entitle it to be read as evidence in court, and has no relation to oral testimony taken in court, or before a master. It applies, in cases at common law, where depositions are given in evidence on the trial; and, in suits in equity, where depositions are read at the hearing.

[Cited in Jerman v. Stewart, 12 Fed. 278; The Sallie P. Linderman, 22 Fed. 558; Wooster v. Handy, 23 Fed. 58; Spill v. Celluloid Manuf'g Co., 28 Fed. 870; James Dalzells' Son & Co. v. The Daniel Kaine, 31 Fed. 747; Strong v. U. S., 34 Fed. 19; McKinistry v. U. S., Id. 214; Ingham v. Pierce, 37 Fed. 647; Missouri Pac. Ry. Co. v. Texas & P. R. Co., 38 Fed. 776; McKinistry v. U. S., 40 Fed. 817; Hake v. Brown, 44 Fed. 734; Ferguson v. Dent, 46 Fed. 91; Indianapolis Water Co. v. American Straw-Board Co., 65 Fed. 535.]

3. No other compensation to a solicitor is taxable, but such docket fee and such fees for depositions.

4. The provisions of that act in regard to printer's fees, clerk's fees, and witnesses' fees, considered.

[Cited in Spaulding v. Tucker, Case No. 13,221.]

5. Where witnesses are examined before a master, on an accounting in a suit in equity, and their testimony is afterwards abandoned or given up, or is stricken out or rejected by the master, and the striking out or rejection is sustained by the court, no per diem allowance is taxable for the attendance of such witnesses before the master.

This case, reported in [Cases Nos. 14,195 and 14,196], now came before the court on a motion by the defendants for instructions to the clerk as to the principles which should govern him in the taxation of the costs awarded to the plaintiffs. The question as to the solicitor's fees for depositions arose in regard to oral testimony taken by the master, on the accounting before him. The question in regard to printer's fees arose in respect to the expenditure for printing the testimony taken before the master.

Elisha Foote, for plaintiffs.
William A. Sackett, for defendants.

NELSON, Circuit Justice. The questions raised on this application are to be determined by a reference to the act of congress passed February 26, 1853 (10 Stat. 161).

The 1st section of that act provides, "that,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

in lieu of the compensation now allowed by law to attorneys, solicitors, and proctors," &c., "the following, and no other compensation, shall be taxed and allowed." The same language is used in respect to the compensation of. the clerks, marshals, witnesses, commissioners, and printers. There is, also, a provision in the section, that the act shall not be construed to prohibit attorneys, solicitors, and proctors from receiving from their clients such reasonable compensation, in addition to the taxable costs, as may be in accordance with general usage, or may be agreed upon between the parties. The section goes on to say: "Fees of attorneys, solicitors and proctors. In a trial before a jury in civil and criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars." This is the highest compensation allowed to the solicitor in a cause; and it can be allowed but once. Dedekam v. Vose [Cases Nos. 3,730, 3,731].

The same section provides: "For each deposition taken and admitted as evidence in the cause, two dollars and fifty cents." This relates to testimony taken out of court, under authority which will entitle it to be read, as evidence, in court, and has no relation to oral testimony taken in court, or before a master. It applies, in cases at common law, where depositions are given in evidence on the trial; and in suits in equity, where depositions are read at the hearing. Stimpson v. Brooks [Case No. 13,454].

The above are the only items in the law relating to compensation to the solicitor; and the statute says that they are "in lieu of the compensation now allowed by law," and that "no other compensation shall be taxed and allowed," and (section 5) "that all laws and regulations heretofore made, which are incompatible with the provisions of this act, are hereby repealed and abrogated."

There is no provision in the act as it respects printers' fees, except in paragraph 5, page 168, which has no application to the present case. The fees of the clerk are so specifically stated in the act, under the head of "Clerk's Fees" (page 163), that no observations in regard to them are necessary.

The provision in regard to witnesses' fees is this (page 167): "Witnesses' fees. For each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents per mile for travelling from his place of residence to said place of trial or hearing, and five cents per mile for returning." No per diem allowance should be taxed for the attendance before the master, of witnesses on the part of the plaintiffs, whose testimony was afterwards abandoned or given up, or was stricken out or rejected by the master, where the striking out or rejection has been sustained by the court. It would be unreasonable and against the established rule of taxation, to tax costs in favor of a party for acts or services which were useless or illegal, and which only led to increased expense, and to a waste of the time of the court and of all persons concerned. This refusal to tax, and a taxation in favor of the adverse party, are intended as a check against idle, frivolous, and illegal proceedings before courts and officers concerned in the administration of justice.

With these instructions, I think the clerk will have no difficulty in the taxation of the bill of costs.

[NOTE. The case then came before the court upon a motion for apportionment of costs. Case No. 14,198. A bill of revivor was subsequently filed by the complainant, and the cause brought to a hearing upon pleadings and proofs. The bill was dismissed, with costs. Id. 14,199.]