### *In re* TRUNDY and another.

*(District Court, S. D. New York.   November 24, 1883.)*

ADMIRALTY—COSTS—DOCKET FEE—PETITION.
Where a petition is filed by persons claiming a lien on the proceeds of a vessel in the registry, and it is referred to a commissioner to take proof of the facts, and exceptions are taken to his report, *held,* that only one docket fee can be charged.

Taxation of Costs.

*Henry D. Hotchkiss,* for petitioner.

*Henry N. Tifft,* for respondent.

BROWN, J. A libel having been filed in this case for the sale and partition of the tug John E. Mulford, and a monition having been issued for all persons interested, as well as the owners, to appear, various claimants having liens on the tug appeared upon the return-

day and filed petitions, stating their claims, and praying to be paid from the proceeds of the vessel to be derived from her sale when paid into the registry of the court. A decree for the sale of the vessel was at the same time taken by consent; and, no objection being made, an order was taken referring it to a commissioner to take proof of the facts stated in the various petitions and to report to the court. Subsequently, the commissioner reported the testimony taken, and his finding that the claims should be allowed for the respective amounts stated. Exceptions to his report were filed and argued before the court and overruled. In the mean time, the vessel having been sold and the proceeds paid into the registry, a final decree in the principal case, together with orders for the payment to the petitioners of their various claims, are presented to the court for allowance, together with the question of the costs to which they are severally entitled.

Each of the petitioners, as well as the respondent, is entitled to a docket fee, inasmuch as their claims have been required to be proved, and the proof has been heard and their claims allowed. There has been, however, but one hearing, and consequently but one docket fee can be claimed. *The Troy, etc.,* v. *Corning,* 7 Blatchf. 16. There was no "final hearing" prior to the reference, for the reference was to take proof of the facts, and the commissioner, in taking the testimony, acted only as the court would have done in taking the same proof. The hearing before the court upon the commissioner's report, though nominally upon exceptions, was in reality the first and only "final hearing" of the cause, as the reference was only to take proof of the facts. But if it had been otherwise, and the referee had been ordered to hear and determine, then the hearing before the referee, while sufficient to support a docket fee, would have left nothing further for the court than a hearing of the specific exceptions to the commissioner's report; and upon the hearing of such exceptions no docket fee is taxable. *Beckwith* v. *Easton,* 4 Ben. 357.

Without determining whether a second docket fee may not be charged where the court, as in collision cases, has determined upon a hearing before it the principal questions of liability, and then orders a reference to determine the damages, it is clear that in the present case there has been but a single hearing on each petition, and but one docket fee on each can be allowed.