### SPILL *v.* CELLULOID MANUF'G CO.

*(Circuit Court, S. D New York.   October 13, 1886.)*

1. **COSTS—TAXATION—WHAT ALLOWED—TRAVEL OF WITNESSES.**
   Fees for travel of witnesses in going and returning can only be taxed once for each occasion of taking testimony, although each occasion embraces a number of days.

2. **SAME—DEPOSITIONS.**
   Costs are not taxable for depositions taken for use upon an accounting before a master and in contempt proceedings as for depositions for the final hearing, notwithstanding they are referred to upon a motion for rehearing which results in a dismissal of the bill as upon a final hearing.

3. **SAME—EXAMINER'S FEES.**
   Upon a charge of $1,275 for fees paid an examiner, $1,085 thereof disallowed.

In Equity.   Appeal by defendant from clerk's taxation of costs.
*E. M. Felt,* for plaintiff.
*E. Luther Hamilton,* for defendant.

WHEELER, J.   This is an appeal by the defendant from the disallowance by the clerk, in the taxation of costs, of fees paid witnesses for travel from their places of residence to the place of taking their depositions, 212 miles, each day during several days of attendance; of $1,085.05 of $1,275 of the fees paid an examiner for taking testimony under a commission; of depositions taken by defendant, and of solicitor's fees for attending the taking of depositions by the plaintiff for use on an accounting before a master, and other depositions taken in proceedings for contempt,—all of which were referred to on a motion for rehearing on which the bill of complaint was dismissed.

The statute allows fees of witnesses for each day's attendance, and for travel in going and returning.   Rev. St. § 842.   Witnesses are allowed their attendance by the day for being at the place of giving their testimony from the beginning to the end, and are allowed for their travel for going in the beginning, and returning at the end. *Schott* v. *Benson,* 1 Blatchf. 564.   There is no provision for travel in the mean time.   The clerk allowed travel for going and returning on each occasion of taking testimony.   There is no question about the number of days.   The allowance for travel appears to be what the statute allows.

The charge of $1,275 for examiner's fees was objected to as excessive.   The clerk allowed what appears to be usual according to the practice in this district, which seems to be proper.

The costs of the reference to the master, and of the proceedings for contempt, stand by themselves, and depositions taken to be used there are not understood to be taxable by the clerk, as depositions under the rules in equity for the final hearing are. *Stimpson* v. *Brooks,* 3 Blatchf. 456; *Troy Iron & Nail Co.* v. *Corning,* 7 Blatchf. 16.   It is claimed, however, that these depositions should be taxed as if taken

for final hearing, because they were used on the motion for rehearing, which resulted in a dismissal of the bill as upon a final hearing. *Spill* v. *Celluloid Manuf'g Co.*, 21 Fed. Rep. 531. But the reference made to these depositions upon that hearing did not change their nature, nor affect their standing as evidence. They were in the case for the purposes for which they were taken, and were taxable or not as the law provided. There does not appear to be any provision of law for taxing them differently because they came to be used for other purposes.

The taxation of the clerk, in the respects appealed from, does not appear to be erroneous. Taxation affirmed.