McKINISTRY *v.* UNITED STATES.

*(Circuit Court, S. D. Alabama. March 9, 1888.)*

1. UNITED STATES COMMISSIONERS—FEES—COMPLAINT IN CRIMINAL CASE.
   A United States commissioner is not entitled to a fee for drawing a complaint in a criminal prosecution, but, such complaint being sworn to and filed, he is entitled to the fee, viz., 10 cents, prescribed (Rev. St. U. S. § 847, par. 1) for administering an oath, and to that, viz., 10 cents, for filing a paper in a cause (Rev. St. U. S. § 847, par. 7, and § 828, par. 3.)

2. SAME—REDUCING TESTIMONY TO WRITING.
   Code Ala. §§ 4256, 4257, provides that in the preliminary examination of a criminal the magistrate shall reduce to writing the testimony of the complainant and of such witnesses as he may offer in support of the charge, and styles such testimony a deposition; but the testimony of each witness need only be "signed" by him, and is not required to be certified and filed, nor are the same formalities observed in the proceeding as are prescribed (Id. §§ 2807, 2808) in the taking of depositions. *Held*, that such an examination in the case of one charged with an offense against the United States, reduced to writing by a United States commissioner in Alabama, was not a "deposition" within the meaning of Rev. St. U. S. § 847, par. 5, prescribing a fee of 20 cents a folio "for taking and certifying depositions to file."

3. SAME—WARRANTS AND SUMMONS.
   Under Rev. St. U. S. § 847, par. 7, and § 828, par. 1–3, a commissioner is entitled to a fee of one dollar for issuing, and 10 cents for filing, a warrant, and 25 cents for issuing a summons, and 10 cents for filing it when returned.

**4. SAME—ENTERING RETURNS.**

The entering by a commissioner of a return of a warrant or subpœna issued by him, is not a like service as performed by clerks of the United States courts, within the meaning of Rev. St. U. S. § 847, par. 7; and he is not entitled to the compensation (15 cents per folio) provided for those officers by section 828, par. 8; the commissioner not being required by law or order of court to enter such returns, and he having no record on which to make such entries.

**5. SAME—CONTINUANCE—PER DIEM.**

When, by request of the accused, on the day of hearing, a continuance until the next day is granted, without other proceedings, the commissioner is not entitled to the per diem of five dollars, prescribed by Rev. St. U. S. § 847, par. 3, for the day of hearing.

**6. SAME—BAIL-BONDS.**

He is entitled under Rev. St. U. S. § 847, par. 7, and § 828, par. 8, to compensation for drawing bail-bonds at the rate of 15 cents for each folio, but not to a fee for filing such bonds; section 1014 requiring the bonds to be returned to the court before which the accused is bound over to appear.

**7. SAME—ACKNOWLEDGMENT.**

The provision in Rev. St. U. S. § 847, par. 2, allowing commissioners 25 cents for "taking an acknowledgment" does not apply to acknowledgments taken by such officers to bail-bonds.

**8. SAME—OATH TO SURETIES.**

The law of Alabama requiring the magistrate conducting a preliminary examination to justify persons offered as bail, a commissioner in that state, when admitting a person charged with an offense against the United States to bail, is entitled to a fee of 10 cents for each surety to whom he administers an oath. Rev. St. U. S. § 847, par. 1.

**9. SAME—WITNESSES.**

He is entitled to compensation for administering oaths to witnesses as to their mileage and attendance at the rate of 10 cents for each witness, (Rev. St. U. S. § 847, par. 1,) and for each certificate or order issued to a witness for his pay at the rate of 15 cents a folio, (Rev. St. U. S. § 847, par. 7, and § 828, par. 8.)

**10. SAME—DOCKET ENTRIES.**

Rev. St. U. S. § 828, par. 8, provides compensation for clerks "for entering any return, rule, order, continuance, judgment, decree, or recognizance, * * * for each folio, 15 cents." Section 847, after specifying certain fees to be paid commissioners for particular services therein mentioned, provides (paragraph 7) that "for any other service, such compensation as is allowed to clerks for like services." *Held*, that "any other service" meant "service" required of commissioners by law or by order of court, and that, commissioners not being required by law or order of court to enter on their dockets any of the items specifically mentioned in paragraph 8, § 828, they were not entitled to compensation for such entries.

**11. SAME—TRANSCRIPT.**

Where the order of court requires commissioners to forward to the clerk a transcript of the proceedings in each case examined by them, they are entitled to be paid for a copy of the proceedings as entered on their docket at the rate of 10 cents a folio, and for the certificate annexed thereto at the rate of 15 cents a folio. Rev. St. U. S. § 847, par. 7, and § 828, pars. 8, 9.

**12. SAME—MONTHLY REPORT.**

They are entitled under the same sections, and order of court, to compensation for a monthly report in duplicate of all cases instituted or examined before them, at the rate of 15 cents a folio.

**13. SAME—COPIES OF PROCESS.**

They are entitled to 10 cents a folio for copies of the "process" returned by them into the clerk's office of the court, as required by Rev. St. § 1014, providing for the arrest and removal for trial of offenders against the United States; "process," however, signifying only the warrant or writ by which the accused was brought to answer the charge preferred against him. Rev. St. § 847, par. 7, and § 828, par. 9.

At Law. Action by William D. McKinistry, a United States commissioner, for fees disallowed by the first comptroller of the treasury department.

*G. L. & H. T. Smith,* for plaintiff.

*J. D. Burnett,* Dist. Atty., for the United States.

TOULMIN, J. The plaintiff is a United States commissioner for the Southern district of Alabama, and brings this suit to recover a balance claimed to be due him on account of services rendered by him as such commissioner for and on behalf of the United States. The accounts sued on run from February 10, 1887, to September 30, 1887, inclusive, and originally amounted to $1,823.45. They were sworn to, duly presented to and approved by the proper court, and transmitted to the first comptroller of the treasury department for payment. The sum of $666.46 was allowed and paid on these accounts, but the balance claimed was disallowed and payment thereof refused. The entire account is before the court, and the complaint alleges that the services therein charged for were actually and necessarily rendered, and the charges made therefor are just and according to law. The United States, by the district attorney, interposes a general denial of the allegations of the complaint. The plaintiff submits as evidence in support of his complaint his own testimony; all the papers in the several cases specifically mentioned in the petition, and in which the services charged for are claimed to have been rendered; his accounts as set out in the petition, and the orders of court allowing them; the order of the court requiring dockets to be kept, and his docket.

Officers who are entitled to receive fees for their services can receive only such fees as are specifically prescribed by law. The statutes of the United States prescribe the services for which commissioners are entitled to receive fees, and prescribe the fees that shall be charged. Rev. St. §§ 823, 828, 847, 1764, 1765. Unless we find in the statutes authority for the fees charged in the accounts sued on, they cannot be allowed. *Jerman* v. *Stewart,* 12 Fed. Rep. 271, 275; Rev. St. §§ 823, 1764, 1765. There is no authority found in the statutes for the charge for a complaint. Neither section 828 nor section 847 prescribe a fee for drawing a complaint in a criminal prosecution, nor for any like service. But, as a complaint is sworn to and filed, I think the petitioner is entitled to the fee prescribed for administering an oath, and for filing a paper in a cause.

While it was admitted in the argument by plaintiff's counsel that there is no fee allowed for the complaint *eo nomine,* it was urged that he should be allowed compensation for taking depositions at the rate of 20 cents a folio, under section 847, Rev. St., inasmuch as he is required, in the preliminary examination of a criminal charge to reduce to writing the testimony of the complainant, and of such witnesses as he may propose in support of his complaint. The Criminal Code of this State requires this, and calls such testimony "deposition." Code of Ala. vol. 2, §§ 4256, 4257. But it does not require such testimony to be

certified and filed by the magistrate. Nor does it require such testimony to be taken with the same formalities as is required by the statute in the taking of depositions. 1 Code Ala. §§ 2807, 2808. The Criminal Code only requires that the testimony shall be signed by the witness. 2 Code Ala. §§ 4256, 4286. That such examination, reduced to writing by the commissioner, is not a deposition in contemplation of section 847, Rev. St. U. S., which prescribes a fee for taking and certifying depositions to file, see *Nail Factory* v. *Corning*, 7 Blatchf. 16; and also opinion in the case of *Strong* v. *U. S.*, in the district court for the Southern district of Alabama, filed February 21, 1888, (see *ante,* 17.) But I find as a matter of fact in this case that the testimony of the witnesses examined on the preliminary hearing in the cases mentioned in the petition was not certified by the plaintiff as commissioner, and was not formally filed by him, and there is in fact no charge for taking and certifying depositions in the accounts sued on.

The plaintiff is entitled to a fee for issuing and filing a warrant, and for issuing and filing a subpœna, when duly returned. He is not entitled to a fee for entering return of warrant or subpœna. Section 847 does not provide for any such fee. He is not required by law or by the order of this court to enter such return, and he has in fact no record on which to enter it. So he cannot claim compensation for it on the ground of a like service performed by clerks of the United States courts. Section 828, Rev. St., provides compensation for clerks for entering return. They have records on which to make such entry, and it is their duty to make it. The petitioner did, as a general thing, enter on his docket the return of the warrants and subpœnas in the cases examined by him. But the order of the court, which requires commissioners to keep a docket, does not prescribe among the entries required by it to be made on the docket the entry of return of warrants and subpœnas. It does require specifically certain entries to be made, but omits the return of warrants and subpœnas. There being, then, no law or order of court requiring such service, and no fee provided for a service not necessary or required to be performed, the charge here made cannot be sustained.

No per diem fee is chargeable for a day when there is neither hearing nor deciding on a criminal charge, as when by request of the defendant a continuance is granted without other proceedings. Rev. St. § 847. In the case of Thomas H. Boyles (being the second case mentioned in the account sued on) there is a per diem charge of $10. I find from the evidence that there was but one day employed in hearing and deciding the charge. On the first day there was a continuance merely by request of the defendant. The petitioner is entitled to but one per diem fee in that case.

Petitioner, as the proof shows, is entitled to fees for only 324 oaths to witnesses examined on the hearing. But this is irrespective of oaths administered to witnesses as to their mileage and attendance.

The petitioner is entitled to compensation for drawing bonds at the rate of 15 cents a folio. The bonds submitted in evidence contain four

folios each. There is no oath to them, and none is required by law, and they are not required to be filed by the commissioner; but the law requires that they shall be returned to the court before which the defendant is bound to appear. 2 Code Ala. § 4425; Rev. St. § 1014. Petitioner is therefore not entitled to a fee for oath to and filing of bonds.

The charge for acknowledgment to bonds is unauthorized by law. There is no such thing as taking an acknowledgment to a bond required by law, and the proof fails to show that there were any legal acknowledgments taken to the bonds in evidence. Section 847, Rev. St., provides a fee for taking acknowledgments, but in my opinion this has no reference to a bail-bond, and applies only to an act having reference to conveyancing. See opinion in *Strong* v. *U. S.*, *supra*, and authorities therein cited. The statute of this state authorizes the magistrate to justify or qualify the persons offered as bail. In such case an oath is required, and for administering each oath the petitioner is entitled to a fee of 10 cents.

I find from the evidence that petitioner is entitled to compensation for administering oaths to 195 witnesses as to their mileage and attendance at 10 cents each, and for as many certificates or orders issued to said witnesses for their pay at 15 cents a folio. The certificate or order which is designated "pay-roll" for each witness by the commissioner contains less than two folios. The petitioner is not entitled to the docket fees charged. 24 U. S. St. at Large, 274; opinion in *Strong* v. *U. S.*, *supra*.

There is no law which allows fees for docket entries. Section 828, Rev. St., provides compensation for clerks "for entering any return, rule, order, continuance, judgment, decree, or recognizance, * * * for each folio fifteen cents." And section 847, after specifying certain fees to be paid commissioners for particular services therein mentioned, provides that "for any other service, such compensation as is allowed to clerks for like services." This of course means "for any other service" required of commissioners by law or by the order of court. And they are not required by law or by the order of court to enter on their dockets any of the items specifically mentioned in that clause of section 828 above quoted. I have always considered that compensation for such docket entries as were required to be made was covered by the docket fee formerly allowed commissioners. As they are not now entitled to docket fees, there is no compensation provided for docket entries.

Since the order of the court requires commissioners to forward to the clerk of the court a transcript of the proceedings in each case examined by them, I think they are entitled to be paid for a copy of the proceedings as entered on their docket at the rate of 10 cents a folio, and for the certificate annexed thereto 15 cents a folio. Rev. St. §§ 828, 847. Petitioner is allowed this compensation, but in four cases set out in the petition there are no certificates to the copy of proceedings. In these cases he cannot recover compensation for certificate.

I hold that he is entitled to compensation for a monthly report in duplicate of all cases instituted or examined before him during the month at 15 cents a folio. Id. He is required by order of the court to make

this report in duplicate. But he is not entitled to be paid the fees charged for report in internal revenue cases, because no such cases were instituted or examined to be reported as required by said order.

I also find that petitioner is entitled to the fees for copies of the process returned by him into the clerk's office of the court, as required by section 1014 Rev. St. The charges for copies of process are allowed only as to copies of the warrants so returned. Process signifies warrant, or the writ by which the defendant is brought to answer the charge preferred against him. No charge for copies of other papers is allowed.

Judgment will be entered for the plaintiff for $226.59.