MISSOURI PAC. RY. CO. *v.* TEXAS & P. RY. CO., (MORRIS, Intervenor.)

*(Circuit Court, E. D. Louisiana. May 25, 1889.)*

**1. RIGHT TO COSTS.**
    An intervenor who files his claim in a suit involving the operation of a railroad by a receiver, and receives payment for injuries sustained by such operation, is not entitled to a docket fee or fees for depositions taken in support of his claim.

**2. SAME—DEPOSITIONS.**
    Rev. St. U. S. § 824, allowing a fee for each deposition taken in a cause, does not apply to oral testimony taken by a special master on a reference of an action to him.

In Equity.   On application to tax costs.
*Hornor & Lee*, for intervenor.
*Howe & Prentiss*, for receiver.

PARDEE, J. · The intervenor, Morris, presented a petition to this court, alleging that in the operation of the trust property in this cause by the receiver he had been damaged by the killing of two mules, of the value of $————, and he prayed an order that the receiver should pay his damages out of the trust funds arising from operation of property.   The petition was referred to the special master, to take evidence and report. The special master heard the oral testimony of 15 witnesses, which was taken down in writing, and, considering the same, reported to the court in favor of the payment of the intervenor's claim.   No opposition being made thereto, the report was confirmed, and an order entered directing the receiver to pay the amount awarded by the master, and the costs incurred in the case.   The intervenor now presents another application to the court, averring that in the matter of the above petition final judgment has been rendered in his favor, and that he is entitled in law to $20 for his solicitor's docket fee, and to $37.50 fees for 15 depositions taken in this intervention, under section 824, Rev. St. U. S.; and that the defendant declines paying the same; and he prays for an order directing the defendant to pay the amount as claimed.   Petitions by strangers to the suit to be paid sums of money on account of the operations of the officers of the court growing out of the management of the property in the custody of the court are mere interlocutory applications therein, (see 2 Daniel, Ch. Pr. *1567;) and the orders thereon, whether granting or refusing the prayer of the application, are not final hearings or decrees within the meaning of section 824 of the Revised Statutes; and no docket fee for final hearing should be taxed thereon.   In this case alone there have been hundreds of such applications and orders, and the practice has been invariable not to tax such docket fees.   The practice in the circuit, in which there have been many such cases, is the same.   "The word 'deposition,' as used in said section 824, does not include oral testimony taken in court or before a master."   See *Factory* v. *Corning*, 7 Blatchf. 16; also equity rules 76, 77.   The application in this case is denied.