KISSINGER-ISON CO. v. BRADFORD BELTING CO.

(Circuit Court of Appeals, Sixth Circuit. June 2, 1903.)

No. 1,163.

1. PATENTS—BILL OF REVIEW—NEW EVIDENCE OF ANTICIPATION.

The discovery by a defendant of other United States patents bearing on the question of anticipation is not sufficient basis for a bill of review to review a decree sustaining a patent, entered after an appeal, in the absence of some unusual circumstance.

2. SAME—APPLICATION TO APPELLATE COURT FOR LEAVE TO FILE—DUE DILI-GENCE.

On an application to the Circuit Court of Appeals for leave to file a bill of review to review a decree sustaining the validity of a patent entered upon its mandate, on the ground of newly discovered evidence, the question of due diligence, as well as the materiality of the new evidence, is one for consideration by that court.

3. SAME—SUIT FOR INFRINGEMENT—PROFITS RECOVERABLE.

Where defendants bought the infringing articles from the manufac-turers, and resold the same, they are chargeable on an accounting for profits only with the profits made by themselves above the price paid, and not for the profits made by the manufacturers, whatever may be their liability for damages sustained by complainant over and above the profits so made.

4. SAME—DISCRETION TO INCREASE DAMAGES—REVIEW ON APPEAL.

The refusal of a Circuit Court to increase the damages found to have been sustained by a complainant because of defendant's infringement, as permitted by Rev. St. § 4921 [U. S. Comp. St. 1901, p. 3395], will not be disturbed by the appellate court unless clearly demanded by the evidence.

5. SAME—ACCOUNTING FOR PROFITS—ALLOWANCE FOR EXPENSES OF SELLING.

On an accounting by an infringer for profits made on sales of the in-fringing device, he is entitled to credit for commissions shown to have been paid agents on such sales, but to authorize the allowance to him as a credit of a share of the general expenses of his business there must be specific evidence from which the proportion of such expenses justly chargeable to that part of the business can be determined.

6. COSTS—ATTORNEY'S FEE FOR TAKING DEPOSITIONS—EXAMINATION OF WIT-NESSES BEFORE MASTER.

The provision of Rev. St. § 824 [U. S. Comp. St. 1901, p. 632], allowing an attorney's or solicitor's fee of $2.50 to be taxed for each deposition taken and admitted in evidence, refers to depositions taken out of court to be used on the hearing of the cause, and has no application to evidence taken either in court or before a master on a reference.

Cross-Appeals from the Circuit Court of the United States for the Southern District of Ohio.

This cause came on to be heard upon an appeal from a decree of the court below, and also upon a petition for leave to review a decree of the court below in pursuance of a mandate from this court upon a former appeal in the same cause. Upon the former appeal we held that the Morrison patent for a wire fence coupling, granted to D. B. Morrison, May 20, 1890, was valid and had been infringed, and remanded the cause, with direction to enter such a decree and for an accounting as to damages. A decree pursuant to our man-date was entered, and a reference made to a special master to take proof and report the profits made by the Bradford Belting Company through their in-fringement of the said Morrison patent, "and also the damages the complain-ant has suffered by reason of said infringement." The master found that the

gains and profits made by the sale of the infringing devices amounted to $2,202.91, "and that said amount is the measure of damage which complainant has sustained by reason of said infringement." Upon exceptions filed by the Bradford Belting Company this was cut down to $631.21. From this decree the complainant has appealed, and assigned errors.

Murray & Murray, for appellant.
Wood & Wood, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

1. Pending this appeal the appellee, the Bradford Belting Company, has filed a petition praying leave to file a bill of review to review the decree of the court below entered in pursuance of the mandate of this court upon the former appeal. The principal question involved upon the former appeal was as to the validity and scope of the Morrison patent for a fence wire coupler. Very many patents were relied upon as anticipations; many of them are discussed in the opinion of this court by Judge Taft, which is reported in 97 Fed. 502, 38 C. C. A. 300. It is sought now to obtain leave to file a bill of review solely upon the ground that the defendant has discovered three other alleged anticipatory patents, one of which it is claimed covers features held to be novel in the opinion of this court sustaining the validity of the Morrison patent.

Without in any degree conceding the influence claimed for this newly-discovered evidence, we are content to deny the motion for want of due diligence. That a searcher was sent to examine the Patent Office for the purpose of obtaining all matter which was material to the defense of want of patentable novelty, and that this searcher did not come across these particular patents, is not such an extraordinary circumstance as would justify the review of a decree sustaining the validity of a patent. Such evidence is of a cumulative character. These patents were public records, and accessible if the search had been sufficiently diligent. The discovery of other patents bearing upon the question of anticipation should not be made the basis for a bill of review, in the absence of some very peculiar circumstance. This was the view expressed by the Court of Appeals for the First Circuit in Re Gamewell Fire Alarm Tel. Co., 73 Fed. 908, 914, 20 C. C. A. 111.

2. The question of due diligence, as well as the materiality of the newly discovered evidence, is, we think, a question for decision by this court upon an application for leave to review a decree of the Circuit Court, entered in pursuance of the decree of this court. Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 264; Jourolmon v. Ewing, 85 Fed. 103, 29 C. C. A. 41; Rubber Co. v. Ewing, 9 Wall. 805, 19 L. Ed. 828.

3. The master, in estimating the cost of the couplers to the defendant, allowed only the actual first cost to Gerard & Lawrence, who made and sold the infringing devices to the defendant at a price which included a considerable profit to themselves.

Upon exception the court below held that the price actually paid Gerard & Lawrence was the cost of the couplers to defendants, and that defendants were liable only for the actual profits and gains resulting from their dealing in the couplers. There was no error in this. The defendants were not themselves the manufacturers of the coupler, but bought them from Gerard & Lawrence, who bought the shells and wedges from others and made the completed coupler, and then sold to defendant at a profit. Defendants are liable to account for such gains and profits only as accrued to themselves, and not for those which accrued to the manufacturers from whom they bought. Elizabeth v. Pavement Co., 97 U. S. 126, 138, 24 L. Ed. 1000; Root v. Railway Co., 105 U. S. 189, 202, et seq., 26 L. Ed. 975; Tilghman v. Proctor, 125 U. S. 136, 144, 146, 148, 8 Sup. Ct. 894, 31 L. Ed. 664; Coupe v. Royer, 155 U. S. 565, 582, 15 Sup. Ct. 199, 39 L. Ed. 263; Belknap v. Schild, 161 U. S. 11, 25, 16 Sup. Ct. 443, 40 L. Ed. 599.

No partnership or other such relation existed between defendants and Gerard & Lawrence as to make them accountable for the gains and profits of the latter. Defendants had the exclusive right to the sale of the device made by Gerard & Lawrence, but were to pay a fixed price for each coupler, and realize for themselves whatever profit should result from sales.

4. But it is said that Gerard & Lawrence were joint tort feasors with the defendants, and that each such joint feasor is responsible for the entire damage sustained by the patentee. No fault can be found with the principle stated, but it has no proper application here. Neither is there any doubt, since the act of July 8, 1870, section 4921, Rev. St. [U. S. Comp. St. 1901, p. 3395], but that, where the injury resulting from an infringement shall be greater than the gains and profits made by the infringer, the patentee, in addition to the profits to be accounted for, is entitled to recover the damages he has sustained. Root v. Railway Co., 105 U. S. 189, 202, 26 L. Ed. 975; Coupe v. Royer, 155 U. S. 565, 582, 15 Sup. Ct. 199, 39 L. Ed. 263. But the defendants, not being liable to account for any profit or gains other than that actually realized by them, cannot be made liable for the gains and profits made by those from whom they bought the infringing couplers.

If complainants wish to recover the profits made by Gerard & Lawrence, they must do so by a suit against them. But Gerard & Lawrence are not parties to this suit, and the defendants cannot be made to account for profits made by Gerard & Lawrence, although they contributed to the infringement. City of Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000.

Complainants' right to recover all damages over and above the profits made by the infringer cannot be and has not been disputed. But it was not shown that the damages exceeded the profits made by the defendants, to say nothing of those made by Gerard & Lawrence. No evidence was introduced to show that complainants' sales had fallen off, or that they had been compelled to reduce the sale price of their coupler or to increase the cost of doing business. The entire body of the evidence bore upon the question of the gains and profits

made by the defendants, and the master's report was based solely upon this question.

There was no error in not allowing the complainants to recover the profits so made by Gerard & Lawrence as damages sustained by complainants, because there is no evidence that they sustained any damages at all.

5. Neither was there any error in the refusal of the court to increase the damages as allowed under section 4921, Rev. St. [U. S. Comp. St. 1901, p. 3395]. "The allowance of an increase of damages under the statute is a matter which rests somewhat in the discretion of the court, and we should not be inclined to disturb its finding upon this point, unless the evidence clearly demanded it." Topliff v. Topliff, 145 U. S. 156, 174, 12 Sup. Ct. 825, 36 L. Ed. 658. This case is particularly free from any unusual circumstances showing a willful purpose to violate the rights of complainants, and we are not disposed to overrule the court below in refusing to exercise this punitory power.

6. The evidence before the master plainly established that the defendants had received from sales of these articles $3,147.61, and had paid for them to Gerard & Lawrence, including the sums paid for Gerard & Lawrence to the American Brass Works, the sum of $1,939.00. There was by this evidence an apparent profit of $1,208.61.

The defendant claimed two deductions as cost of selling. One was an item of $146.51, being commissions paid to selling agents. Another was an item of $430.89, which appeared only at the bottom of an exhibit filed by defendant purporting to be a tabulated statement of purchases and sales of these couplers, in these words: "$2,894.62 sales at 14.89 per cent. our cost of selling." These items were both disallowed by the master.

The item of commissions paid on sales was a proper credit. The profits recoverable are only those which were actually made, and the general burden is upon the plaintiff to show what those profits were. The fair and reasonable expenses incident to the sale of the infringing devices should be deducted from the gross profit shown by the evidence. The Tremolo Patent, 9 Wall. 518, 23 L. Ed. 97; Tilghman v. Proctor, 125 U. S. 151, 8 Sup. Ct. 894, 31 L. Ed. 664.

There are cases where it is proper to credit the gross sales of a particular article composing a part of the general business carried on with a proportion of the general expense incident to the same business, such as rents, clerk hire, heat, and lights, and in the Tremolo Patent Case the gross sales of the infringing device were so credited. But there was no sufficient evidence before the master to show the general expense of conducting the business of the defendant. This item in the exhibit filed by the defendant's bookkeeper may have been the general cost of carrying on the entire business of the defendant, including its manufacturing departments, or it may be a mere approximation of expense of selling, which would include interest upon the general capital engaged. If this is the fact, this would be wrong. Rubber Company v. Goodyear, 9 Wall. 789, 19 L. Ed. 566.

What items were included we have no way of knowing. If the witness who prepared this tabulation and stood sponsor for this enig-

matical credit had meant to charge against the gross sales of these connectors only the proportion of the general cost of carrying on the general business which the gross sales of the entire business bore to the gross sales of these couplers, why should the item of commissions paid agents be singled out and charged against this branch of the business in addition to its share of the entire expense of the business of which these commissions were probably a part? We see no good reason for overruling the master's action in disallowing this item as an item of expense not proven.

7. A number of witnesses were examined before the special master upon the reference, and their testimony taken down by a stenographer and filed. The court below refused to regard this as entitling the complainant, under section 824, Rev. St. [U. S. Comp. St. 1901, p. 632], to a taxed fee of $2.50 for each such examination. These witnesses were orally examined before the master upon the matters referred to him, and although their evidence was reduced to writing they did not constitute depositions, within the meaning of the statute.

The statute refers to depositions taken out of court under such notice or consent as will entitle them to be filed and read as evidence upon the hearing of the cause, and does not include evidence taken either in court or before a master upon a reference. Troy Iron & Nail Factory v. Corning, 7 Blatchf. 16, 24 Fed. Cas. 236; In re Strauss v. Meyer (C. C.) 22 Fed. 467; Spill v. Celluloid M. Co. (C. C.) 28 Fed. 870; Missouri Pac. Ry. Co. v. Texas & Pacific Ry. Co. (C. C.) 38 Fed. 775; Ferguson v. Dent (C. C.) 46 Fed. 88—is not in point.

The decree will be modified so as to increase the recovery of the complainant by the sum of $430.89, with interest from date of master's report. The costs of appeal will be paid by the Bradford Company.