NOVELTY TUFTING MACH. CO. v. BUSER et al.

(Circuit Court of Appeals, Sixth Circuit. December 17, 1907.)

No. 1,685.

1. APPEAL—POWERS OF LOWER COURT AFTER REMAND—BILL OF REVIEW—LEAVE TO FILE BILL—APPLICATION TO APPELLATE COURT.

An application for leave to file a bill of review should be finally determined on the merits by the court which entered the decree sought to be reviewed; but, where such decree was entered by a Circuit Court pursuant to a mandate from the Circuit Court of Appeals, permission should be obtained from the latter court to present such application to the court below, and such permission will only be granted where on the case made the appellate court has a strong impression that the decree ought to be opened and reviewed by the Circuit Court.

2. EQUITY—BILL OF REVIEW—GROUNDS FOR REVIEW—NEWLY DISCOVERED EVIDENCE.

Where the Circuit Court of Appeals in a suit for infringement of a patent sustained the defense of prior use, and directed a decree dismissing the bill on the production of an evidently old and used machine and photographs of it, shown to have been taken many years before, when the machine was in the possession of defendants, and on evidence of witnesses who testified to the use of such machine while in defendants' employ at that time, permission to apply to the Circuit Court for leave to file a bill of review will not be granted on a showing that other employés who worked for defendants at different times will testify that they did not see or know of such a machine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 1091–1093.]

3. SAME—DILIGENCE.

It is not a sufficient excuse for failing to take the testimony of witnesses known to have some knowledge respecting the matters in controver-

sy that they refused to state what their testimony would be, and a party
so failing is not entitled to file a bill of review after decree to present their
testimony as newly discovered evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 1094.]

Petition for Revision of Proceedings of the Circuit Court of the
United States for the Eastern Division of the Southern District of
Ohio.

On petition for leave to file a bill of review in the Circuit Court.

W. F. Murray, for petitioner.

A. M. Allen, for respondents.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This is a petition for leave to file in
the Circuit Court a bill of review in the cause above entitled, which
was for the infringement of letters patent, and was heard in that court
upon pleadings and proofs and by this court on appeal from the de-
cree there rendered. The court below sustained some of the claims
of the patents which were for tufting cushions, chairs, and the like,
and, finding infringement, decreed for the complainant. The defend-
ant appealed to this court. We were of opinion that the patents were
altogether void by reason of the former public use of a machine em-
bodying the same devices, and reversed the decree. 151 Fed. 478.

The petition is grounded upon an allegation of new evidence discov-
ered since the final decree of the Circuit Court, and the questions pre-
sented are, as stated by counsel for the petitioner:

"First. Has this evidence come to the knowledge of your petitioner since
the period it could have made use of it in its suit?   Second. Could your peti-
tioner have found this evidence by the use of reasonable diligence in time to
have made use of it in this suit?   Third. Had this evidence been before the
court, is there a probability that it would have produced a different result?
—citing Daniell, Chan. Pr. 1577; Story Eq. Pl. 412, 413, 417; Kisinger-Ison
Co. v. Bradford Belt Co., 123 Fed. 91, 59 C. C. A. 221; Jourolman v. Ewing,
85 Fed. 103, 29 C. C. A. 41; Society of Shakers v. Watson, 77 Fed. 512, 23 C. C.
A. 263; Purcell v. Miner, 4 Wall. 521, 18 L. Ed. 435."

The rule by which this court is governed in disposing of such ap-
plications is this: If, upon the case made, we have a strong impres-
sion that the decree which we have directed to be entered in the Cir-
cuit Court ought to be reopened and reviewed in that court, we will
release the lower court from its obligation to observe our mandate to
the extent of allowing it to entertain the application and decide upon
its merits; but not otherwise. The decree entered upon the direction
of the appellate court, though in form it is the decree of the lower
court, yet is in substance its own decree, and it ought not for light
reasons to allow it to be disturbed. Nevertheless, if it is seen from
circumstances coming subsequently to light that the decree is probably
contrary to the justice and right of the case and there has been no neg-
ligence or other fault on the part of the aggrieved party, the appellate
court ought not to permit its mandate to stand in the way of the correc-
tion of the decree which it has caused the lower court to enter. Normal-
ly a bill of review is addressed to the court where the final decree is en-
tered and which is proceeding with its execution, and the only embar-

rassment which the court below has is that its decree has been ordered by an appellate court. But the cause is at its finish pending in the court below, and not in the appellate court. Due regard to the forms of procedure would seem to require that the court which made the decree, though it was done under a mandate should ultimately, when freed from its obligation to execute the decree as ordered, pass upon the merits of an application for leave to file a bill of review.

The defense which we sustained was that there had been a prior public use by the defendant of substantially the same invention more than two years before the supposed invention or inventions for which the patents were granted. The defense was sustained upon the production of an evidently old machine and of photographs which were shown to have been taken of it many years ago while it was in the possession of defendant, and the evidence of witnesses who, while then in the employment of the defendant, saw and used it in his business. The newly discovered evidence is that of other witnesses who were at different times in the employment of the defendant who are expected to testify that during the times they were so employed they did not see or know of such a machine, a species of negative testimony which would not disprove the former use, and, indeed, is not necessarily in conflict with it. We did not find that the former use was constant, nor was it necessary that it should be so in order to anticipate the invention of the patents. We relied much upon the appearance of the old machine and the evident marks of wear from former use. And these indications were naturally more persuasive than the oral testimony of witnesses.

With regard to the ignorance of the complainant of this new evidence, and its diligence in finding it while the proof was being taken, it appears that the witnesses whose testimony is now wanted had been in the employment of the defendant during the time when the machine was, or might have been, in use in the defendant's business and that the complainant knew this. But he forebore to subpœna them, because, as is said they were manifestly under the influence of the defendant and afraid to testify against him, and would not state what they would testify to. And now the petitioner has not been able to get their affidavits for the same reasons. But that was not a sufficient reason for not securing their testimony. The attitude of these witnesses, when the proofs in the cause were taken, necessarily implied that their testimony would have been favorable to the plaintiff, and due diligence required that the witnesses should then have been required to give their testimony. And we are convinced that, if the same effort had been made to secure the testimony of these witnesses before the hearing of the cause as has been displayed since the decision of this court, there would have been as good a chance for securing it then as now. It has been laid down by high authority that parol evidence is too unreliable to justify the granting of a review. Taylor v. Sharp, 3 P. Wms. 371, per Talbot, Lord Chancellor; Livingston v. Hubbs, 3 Johns. Ch. (N. Y.) 124, per Chancellor Kent; Southard v. Russell, 16 How. 547, 569, 14 L. Ed. 1052, per Mr. Justice Nelson. But we think that, although in most cases this rule might properly be applied, yet

there might be exceptions to it when the parol evidence is of so direct and positive, and of such a controlling character as to leave no fair doubt of error in the decree.

For the reasons which we have given, we cannot think the court below would, in the circumstances here shown, be justified in granting leave to file the proposed bill of review, and we must therefore withhold our consent thereto.

The petition is accordingly denied, with costs.