ERIKSSON v. GRANDFIELD.

GRANDFIELD v. ERIKSSON.

(District Court, E. D. Pennsylvania. February 6, 1912.)

Nos. 5 and 8, of 1911.

ADMIRALTY (§ 124*)—COSTS—TESTIMONY TAKEN IN OPEN COURT—PROCTOR'S FEES.

A proctor's fee of $2.50 "for each deposition taken and admitted in evidence in a cause," as provided by Rev. St. § 824 (U. S. Comp. St. 1901, p. 632), should not be allowed in respect of witnesses whose testimony is taken in open court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857; Dec. Dig. § 124.*]

Libels by Peter Eriksson against William J. Grandfield, and by the latter against the former. Appeal from taxation of costs. Sustained.

Isaac A. Pennypacker, for Eriksson.

Howard M. Long, for Grandfield.

J. B. McPHERSON, District Judge. The admiralty practice in this district has recently been changed. Instead of taking testimony by deposition, witnesses are now heard in open court as far as practicable, and naturally the question has arisen whether the proctor's fee of $2.50 "for each deposition taken and admitted in evidence in a cause" (R. S. § 824 [U. S. Comp. St. 1901, p. 632]) is to be allowed in respect of witnesses whose testimony is taken at such a hearing. In my opinion it is not taxable. "Deposition" is here used in the restricted sense referred to in 9 Amer. & Eng. Ency. of Law (2d Ed.) 297:

"The written testimony of a witness that is taken out of court before a magistrate or other person duly authorized to take it, and is intended to be used upon the trial of some cause in court."

The definition in 13 Cyc. 832, is susceptible of a more inclusive construction, but evidently has chiefly in mind such testimony as is taken out of court before subordinate officials:

"A deposition is the testimony of a witness, oral or taken down in writing under oath or affirmation, before a commissioner, examiner, or other judicial officer, in answer to interrogatories oral or written."

The point was decided by Justice Nelson in Troy Iron Factory v. Corning, Fed. Cas. No. 14,197:

"Testimony taken out of court under authority which will entitle it to be read as evidence in court, and [having] no relation to oral testimony taken in court or before a master."

And in the Sixth circuit the Court of Appeals (Kissinger Co. v. Bradford Co., 123 Fed. 91, 59 C. C. A. 221) has made a similar ruling:

"The statute (section 824) refers to depositions taken out of court under such notice or consent as will entitle them to be filed and read as evidence upon the hearing of the cause, and does not include evidence taken either in court or before a master upon a reference" (citing cases).

Sec, also, Indianapolis Water Co. v. American Straw Board Co. (C. C.) 65 Fed. 535, where Judge Baker cites with approval the following definition of Bouvier:

"The testimony of a witness reduced to writing in due form of law by virtue of a commission or other authority of a competent tribunal, or according to the provision of some statute law, to be used on the trial of some question of fact in a court of justice."

I agree with these decisions and sustain the present appeal.