## THE A. MOULTON.

### (District Court, S. D. Florida. July 27, 1923.)

### No. 1780.

Admiralty ⊜124—Proctors for interveners are entitled to docket fee for each intervention.

> Rev. St. § 824 (Comp. St. § 1378), providing for a docket fee on a final hearing in admiralty, to be taxed as costs, authorizes the allowance of a docket fee to the proctors for each intervention inter esse suo, though the original libel and the interventions were heard together, and though the same proctors represented more than one of the parties.

In Admiralty. Libel by the Jacksonville Tent & Awning Company and another against the schooner A. Moulton, in which the Jacksonville Forwarding Company and others filed interventions inter esse suo. On taxation of costs. Order entered allowing docket fee for each intervention.

Lee Guest, of Jacksonville, Fla., for libelants and intervener Angerholzer.

George C. Bedell, of Jacksonville, Fla., for intervener Jacksonville Forwarding Co.

Cockrell & Cockrell, of Jacksonville, Fla., for intervener Merrill-Stevens Dry Dock & Repair Co.

E. O. Locke, of Jacksonville, Fla., for claimant.

CALL, District Judge. A libel was filed herein by the Jacksonville Tent & Awning Company and the Jacksonville Ship Chandlery Company, against the schooner A. Moulton. Three interventions inter esse suo were filed by the Jacksonville Forwarding Company, Merrill-Stevens Dry Dock & Repair Company, and Fred Angerholzer. These interveners were represented by proctors other than the proctor for original libelants, except Fred Angerholzer. He was represented by the same proctor who represented the libelants. Such proceedings were had that a decree was entered in favor of the libelants and interveners, and the amounts of their separate claims satisfied out of the proceeds of the sale of the vessel. In the taxation of costs to the interveners, it is the contention that a docket fee should be taxed to the proctors of the several interveners under section 824 of the United States Revised Statutes (Comp. St. § 1378).

While the amount involved is small, the question I have deemed of sufficient importance to give it as much consideration as can well be spared from my other duties. Section 824 provides that on a final hearing in admiralty a docket fee of $20 where the amount recovered is $50 or more, and $10 where the amount recovered is less than $50, shall be taxed as costs. I have examined cases referred to in brief of proctor for claimant, those referred to by Benedict in the note, and cases referred to in Federal Statutes Annotated. I find two cases bearing directly upon the question involved here. Other cases were on other questions, and afford no light on the question in the instant case.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.The case of In re Trundy and another, from the Southern district of New York, reported in 18 Fed. 607, decided by Judge Brown, is the most in point. In that case a libel was filed for the sale and partition of a tug, and certain parties intervened to have their claims paid. The question arose on the taxation of proctor's fees upon their interventions. Judge Brown, after stating the case, uses this language on page 608 of the report:

"Without determining whether a second docket fee may not be charged, where the court, as in collision cases, has determined upon a hearing before it the principal questions of liability, and then orders a reference to determine the damages, it is clear that in the present case there has been but a single hearing on each petition, and but one docket fee on each can be allowed."

The other case in point is from the Northern district of California, decided by Judge De Haven. The H. C. Grady, Hendry et al., interveners, reported in 87 Fed. 483. In this case G. W. Hendry and F. R. Strong intervened in the proceedings by the Black Diamond Coal Mining Company against the steamer H. C. Grady, and the hearing was had on the allowance of docket fee to the proctor of Hendry, and such fee allowed to be taxed in the same. I find another decision by Judge De Haven in the same report at page 483, The Mount Eden, in which the proctor representing two claims was denied two docket fees, and allowed one.

However, the question here involved must be decided, it seems to me, upon the construction of section 824, R. S. The construction of the words "final hearing" is well fixed by the decisions on this phase of the statute, and the question resolves itself to this: Is it a final hearing on the claim propounded by the intervention? If it is, then under the section a docket fee should be taxed as provided in the statute, and it is this question correctly decided by Judge Brown above noted. It seems to me untenable to say there is but one case and one final hearing in an admiralty case in which several persons have intervened inter esse suo. This more nearly approaches a case in which several suits have been consolidated and one trial had of such consolidated suits. The better opinion, it seems to me, is that it is a final hearing as to each of the claims, although heard together and one decree rendered; for, as pointed out in some of the cases, it is the final hearing upon which the taxing of the docket fee depends, not the decree rendered. The decision of Judge De Haven, last noted above, would seem to militate against this view, for I do not understand upon what theory a docket fee is denied a proctor simply because he represents more than one claimant, if he is entitled to it under the section, and it seems hard to reconcile the two decisions above noted by Judge De Haven.

I am referred to the decision by Judge Pardee in Missouri Pacific Ry. Co. v. Texas Pacific Ry. Co. (C. C.) in 38 Fed. 775. The citation does not seem to me to be apropos to the question here involved. In that case a claim was filed for the value of certain mules killed by the operation of the road, by the officers of the court. In no sense, it seems to me, could the settlement of such claims be a final hearing in equity. And it is upon this the power to tax the docket fee depends.

I am of opinion, therefore, that the interveners are entitled to have the clerk tax a docket fee for the respective proctors in each of the interventions. It will be so ordered.