## RECONSTRUCTION FINANCE CORPORATION v. WOOD et al.

### No. 1654.

District Court, E. D. Kentucky.

Sept. 17, 1937.

N. R. Patterson, of Pineville, Ky., for complainant.

H. L. Bryant, of Pineville, Ky., for defendants.

FORD, District Judge.

The defendants have filed a motion to set aside the execution which issued in this proceeding and to retax the cost. The items to which the defendants object are pointed out in the motion as follows:

"The Marshal's fees for executing a subpoena in three instances are taxed at $2.00, when the fee is only 50¢.

"An attorney docket fee of $20 is taxed when there should be no such fee at all."

Revised Statutes, § 823, as amended (28 U.S.C.A. § 574), fixes the fee to be taxed and allowed to a marshal for the service of a summons or other writ at $2, except a summons or subpœna for a witness for which he is allowed 50 cents. The subpœnas referred to in the taxation of cost in this case were not subpœnas for witnesses. They were subpœnas in chancery which, under Equity Rule No. 7, 28 U.S.C.A. following section 723, "constitute the proper mesne process in all suits in equity, in the first instance, to require the defendant to appear and answer the bill." Under the clear provisions of the statute, the fee of $2 was the proper taxation for each of these subpœnas.

Section 824 of the Revised Statutes of the United States, 28 U.S.C.A. § 572, allows a docket fee of $20 to be taxed "on a final hearing in equity." In the cases of Missouri Pacific Ry. Co. v. Texas & P. Ry. Co. (C.C.) 38 F. 775, and Central Trust Co. v. Wabash, etc., Ry. Co. (C.C.) 32 F. 684, it was held that intervening petitioners are not entitled to the taxation of the docket fee provided by this statute, and the defendants rely upon these authorities to support their contention that no docket fee should be taxed in this case, because it is ancillary in its nature. In each of the cases referred to, it is clearly pointed out that the denial of the right of the petitioner to the docket fee was upon the ground that the

proceedings by the intervening petitioners were mere interlocutory applications in a single action, and were not in any respect separate proceedings.

Ancillary jurisdiction arises solely by reason of the institution of a separate action by a subsequent bill in equity and is usually resorted to for the purpose of sustaining jurisdiction of the subsequent bill which otherwise the federal court could not maintain. In re Williams (D.C.) 123 F. 321, 322. But for the existence of a separate action, there would be no occasion for invoking the doctrine of ancillary jurisdiction.

In the case of Toledo, St. L. & K. C. R. Co. et al. v. Continental Trust Co. et al., 95 F. 497, 505, 506, the Circuit Court of Appeals of the Sixth Circuit discussed the relation to each other of two suits, which had been consolidated, one of which was principal and the other ancillary. The court said: "Each record is that of an independent suit, except in so far as the evidence in one is, by order of the court, treated as evidence in both. The consolidation does not change the rules of equity pleading, nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not thereby become parties in the other, and a decree in one is not a decree in the other, unless so directed. It operates as a mere carrying on together of two separate suits supposed to involve identical issues, and is intended to expedite the hearing and diminish the expense." The appellate court concurred in the view expressed by the lower court that the ancillary relation of one suit to the other "does not throw both suits into hotchpot." The court points out that except in so far as the dependence of one upon the other may be given effect for the purpose of maintaining jurisdiction, such dependence does not destroy the separate identity of the two suits, "nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits."

The mere fact that this action was ancillary to another suit does not make it any less a separate action. The issues presented in this action were submitted to the court and a final hearing held and judgment entered solely upon the pleadings, proofs, and proceedings herein. The cases relied upon by the defendants involving intervening petitions are not an-

alogous and seem to have no application to the question here presented.

I am of the opinion that, under the statute, the costs, including a docket fee of $20, should be taxed as in any other action in equity in which a final hearing is had.

Let an order be entered overruling the defendants' motion.