JOUROLMON et al. v. EWING et al.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1898.)

No. 561.

1. BILL OF REVIEW—WHEN MAINTAINABLE.

An application to file a bill of review on the ground of newly-discovered evidence will be denied, unless the evidence is of a character so controlling that it would probably induce a different conclusion than that on which the former decree was based.

2. INTEREST—FUND IN COURT.

When a fund in court is subject to lien claims of different priorities, the holders thereof are entitled to interest to the date of the decree.

3. BILL OF REVIEW—ERRORS APPARENT OF RECORD.

A bill of review for errors apparent of record lies only upon matters appearing on the record proper, and not for errors resulting merely from a misconception of the evidence or in reaching a conclusion thereon.

This was a petition by Boyd Ewing, receiver of the East Tennessee Land Company, the East Tennessee Land Company, and the Central Trust Company of New York for leave to file a bill of review in this court in the case of Leon Jourolmon and others against Ewing, receiver, etc., to review, on the ground of newly-discovered evidence and for errors apparent of record, the decree heretofore rendered. 26 C. C. A. 23, 80 Fed. 604. The cause was submitted on briefs, without oral argument.

Wheeler & McDermott and George W. Easley, for petitioners.
Leon Jourolmon and Hu. McClung, opposed.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge.   On the 10th of May last this court announced its opinion and conclusion upon the appeal in the above-entitled case, reversing the decree of the court below, and directed the cause to be remanded, with instructions to the court below to enter a decree for the amount of the balance found to be due upon the three notes mentioned in the record, of $31,000, $41,000, and $41,000, respectively, with interest to be computed from the 8th day of November, 1889.   A petition for rehearing was filed by the appellees, and was denied.   Thereupon the mandate was sent down, and on the 2d day of August the court below entered its decree in pursuance thereof.   Then, on the 9th day of November last, the appellees filed this petition for leave to file a bill of review on the ground of newly-discovered evidence, and attached to their petition certain affidavits in support of the averments thereof.   Notice of the filing of the said petition having been given to the appellants, and service having been made upon them of an order to show cause why the prayer of the petition should not be granted, they have appeared accordingly, and alleged reasons in opposition to the granting of the petition.   The matter was submitted to the court at the December session, upon briefs thereafter to be submitted.   The principles by which the court is governed in applications of this kind were stated by Judge Lurton, in delivering the opinion of the court, in Society v. Watson, 23 C. C. A. 263, 77 Fed. 512.   It is a leading rule that the new evidence must be of such a character and so controlling in its effect as that it would probably induce a different conclusion from that on which the former decree was based, in order to give ground for the filing of such a bill.   Id.; 2 Daniel, Ch. Prac. *1577.   On looking into the record we find that the new evidence, the finding of which is relied upon as reason for this court to entertain a bill of review, consists of a collateral contract made between the East Tennessee Land Company and the Tennessee Coal, Lumber & Tanbark Company, on January 15, 1890; that is to say, on the same day when the notes and the contract stipulations therein contained, which were in the record and considered by this court in reaching its former decision, were made.   This collateral contract contained stipulations in reference to some matters related to the principal contract, one of which provided that the East Tennessee Land Company should at once make a survey of the land purchased to determine the acreage, and to make a report thereof and furnish a plat to the Tennessee Coal, Lumber & Tanbark Company. The contract then ran on as follows:

"Report shall also be made as above, at same time, in regard to the title and the various undivided interests in the land that the said Tennessee Coal, Lumber and Tanbark Company has a prima facie title to, and as to interests adversely held, or in litigation, the purchase money may be proportionally held back until adverse claims are removed and title quieted, and, as to any interests that cannot be secured, the purchase money shall be proportionally abated."

It is to the provision that "as to interests adversely held, or in litigation, the purchase money may be proportionally held back until adverse claims are removed," that our attention is especially invited. The petition states that this collateral contract was not found among the papers and documents belonging to the East Tennessee Land Company by the receiver, and has never been in his possession. It is further stated that this paper was suppressed by the appellants, and purposely withheld from sight, until after the disposition of the appeal in this court, when, by compelling a return to the files of the court of a petition in another matter in which this collateral contract was an exhibit, this paper was discovered. The petitioners affect to suppose that this paper has a very important bearing upon the question heretofore decided; that is to say, whether, under the contract between the two companies for the sale and purchase of the land, the notes carried interest from the date therein specified. But, although the evidence may be newly discovered, it sheds no new light on the case. It is, in substance, the same stipulation as was found in the previous record, and contained in each of the several notes which were the foundation of the suit, and distinct reference was made to that feature of the case in our opinion when we said:

"And it was understood that the title to all the lands covered by the deed of the Tennessee Coal, Lumber and Tanbark Company, which was not then perfect, was to be cleared of adverse claims, or bought in, and it was therefore stipulated in the three purchase-money notes that the 'land adversely owned, or in litigation, or in adverse possession, shall not be paid for until such adverse claims be removed of record.' "

There is therefore nothing in this clause in the collateral contract which would have any efficacy in inducing a different conclusion from that which has already been declared. In the former opinion we said:

"The stipulation found at the end of the notes, that 'land adversely owned, or in litigation, or in adverse possession, shall not be paid for until such adverse claims be removed of record,' in no wise changes the construction properly to be given to the contract in respect to the payment of interest. It simply postponed the payment of principal and interest alike until the condition should happen, and did not affect the amount which should ultimately be paid."

That determination applies as well to the matter in the newly-discovered evidence as to the stipulation in the notes before referred to. It may be proper to refer to one matter which was not discussed in the former opinion, because it was not presented as a subject of controversy, but which is now brought forward as a reason for reviewing the decree for error of law. The former decree of this court was that the complainants were entitled to the amount of the balance of the principal debt remaining unpaid and interest computed from the date stipulated in the notes. When the mandate went down, the court below, rightly construing it, entered a decree which included interest down to the entry thereof. This, it is urged, was a plain error on the part of this court, the law being, it is said, that when, as here, the fund for the satisfaction of the lien has been brought into court, and there retained awaiting final disposition, the right to interest is suspended. But the law is settled otherwise. There are several decisions of this court in which this subject has been considered. In the case of Bank v. Armstrong, 16 U. S. App. 465, 8 C. C. A. 155,

and 59 Fed. 372, it was held that where the fund was to be shared by creditors without liens, or by those having liens of equal and common rank, interest would not run where the fund is in legal custody. But in Trust Co. v. Condon, 31 U. S. App. 387, 14 C. C. A. 314, and 67 Fed. 84, the counterpart of the rule was recognized and applied, and it was there held that, when there are claims with liens of different priorities, the holders thereof are entitled to interest down to the date of the decree. That case is precisely applicable here. The question was again presented in Central Trust Co. v. Richmond, N., I. & B. R. Co., 31 U. S. App. 675, 15 C. C. A. 273, and 68 Fed. 90, where the former cases were cited, the distinction noted, and the rule of Trust Co. v. Condon again applied to a state of facts similar in this respect to those existing in the case now proposed to be reviewed. Clearly the petition is without merit.

It seems right to add that it is very difficult to see what object the opposite party could have had in suppressing the paper referred to, and the circumstances have no tendency to support the idea that anything wrong was intended by the retention of it. The petition is denied.

At the same time with the submission of the foregoing petition there was also submitted for our consideration by the same parties, the appellees in the original case, a bill of review for errors of record in this court, with a prayer for leave to file it, with reference to which a like order was made to show cause why leave should not be granted as prayed. We have looked through this so-called bill of review, and find that it is, in substance, an assignment of errors, which the appellees allege were committed by this court in rendering its former opinion. We think the only appropriate remedy for such supposed errors was exhausted when the petition for rehearing was denied. At all events, it is quite clear that a bill of review cannot be resorted to for the purpose of further challenging the view taken by the court upon the facts and law of the case; for, assuming that such proceedings are appropriate in an appellate court, a bill of review for errors apparent of record will lie only upon such matter as appears in the record proper. It does not lie to correct a merely erroneous decree, resulting from a misconception of the evidence, or mere errors of deduction in reaching a conclusion thereon. If the decree is consistent with the record (not, of course, including the testimony), and is a proper—that is to say, a lawful—one, to be made upon the pleadings and proceedings in the case and the facts found, there is no sufficient foundation for a bill of review for errors of record. The testimony cannot be regarded for this purpose. Whiting v. Bank, 13 Pet. 6; Putnam v. Day, 22 Wall. 60; Buffington v. Harvey, 95 U. S. 99. Leave to file the bill of review for errors of record, tendered for filing, is likewise denied.