## KEITH et al. v. ALGER.

(Circuit Court of Appeals, Sixth Circuit. July 21, 1903.)

### No. 1,166.

1. BILL OF REVIEW—APPLICATION FOR LEAVE TO FILE—DECREE ENTERED ON MANDATE.

Where a decree has been entered on the mandate of an appellate court which left no question to be determined by the lower court, the sufficiency of the reasons alleged in support of a proffered bill of review should be determined by the appellate court, although, where material matters are involved, which have transpired in the court below since the decision of the cause, or for other sufficient reasons, the appellate court may remit the inquiry, in whole or in part, to the lower court, and authorize it to settle the matter.

2. SAME—GROUNDS—NECESSITY FOR SHOWING SUBSTANTIAL INEQUITY IN DECREE.

It is not enough to entitle a party to maintain a bill of review that the new evidence presented shows the decree to have been technically erroneous, and, if presented on the hearing of the cause, would have induced a different decision, but it must further appear that, by reason of the decree entered, the party complaining was deprived of some substantial equity.

3. SAME—MATTER OF ABATEMENT.

A decree rescinding a sale of lands to plaintiff, and awarding him judgment for the purchase money paid, will not be set aside on a bill of review merely because of newly discovered evidence that plaintiff had executed a conveyance of the lands pending the suit, where it was conclusively shown on the trial that the sale was induced by gross frauds and the bribery of plaintiff's agent, by which he was led to pay for the lands a price greatly in excess of their value, and no equity of the defendants was impaired by such conveyance.

4. SAME.

The making of a deed to lands by a plaintiff pending a suit by him for a rescission of the contract by which he purchased the same, where it was understood by the parties to such deed that it was conditional, and should become effective only in case, as the result of the suit, the grantor should retain or acquire the title to the lands, and which deed, by agreement, was not recorded, did not deprive the grantor of control of the lands, so as to prevent his complying with any decree of the court with respect thereto, nor did it amount to a ratification of his purchase, such as would have abated the suit if it had been shown therein; and it is not sufficient, when shown by a bill of review, to require the court to set aside a decree subsequently rendered rescinding the sale on the ground of the fraud of the defendants.

Petition for Leave to File Bill of Review in the Circuit Court of the United States for the Eastern District of Tennessee.

This is a petition for leave to file a bill of review in the Circuit Court for the Eastern District of Tennessee in the case of Alger v. Keith, which was

---

¶ 2. See Equity, vol. 19, Cent. Dig. § 1093.

before this court some time ago, and is reported in 44 C. C. A. 371, 105 Fed. 105. The complainant had filed the bill for the purpose of rescinding the sale to him of a large tract of land in the southeastern part of Tennessee, which he had purchased upon the supposition that it was valuable coal and timber land. His complaint was that he was induced to make the purchase of the land by the fraudulent representations and practices of the defendants' agents, and by the bribery of his own agent, sent into the locality for the purpose of examining the land and reporting to him its quality before the purchase was made, and who had made a favorable, but false, report. The circumstances are fully stated in the opinion given by this court when the original case was here. Incident to the rescission prayed for, he asked for the declaration of a lien upon the land for the purchase money which had been paid by him. The decree of the Circuit Court, which was for the defendants in the original cause, was reversed, and the cause was remanded to that court, with a direction to enter a decree for the complainant, that the sale be rescinded and the price refunded, that he was entitled to a lien for the purchase money, and that the land be sold to realize it. A decree was entered in the Circuit Court in conformity with the mandate. The sum which the complainant was decreed to be entitled to recover was $202,258.47, besides the costs. The lands were sold, and the complainant became the purchaser for $50,000. He proved the balance of his claim in the probate court against the estate which the defendants represented. The estate was insolvent, but he realized therefrom a further sum, the amount of which does not appear.

The defendants in the original cause have presented a petition to this court praying for leave to file a bill of review in the Circuit Court to re-examine the decree entered upon the mandate of this court, that the said decree be vacated, and that the decree of the Circuit Court which was here reversed be reinstated, and the petitioners be restored to their former estate. An order to show cause why the prayer of the petition should not be granted was made, and the respondent has answered.

R. H. Williams and Foster V. Brown, for petitioners.
J. J. Lynch and Floyd Estill, for respondent.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

This is an original petition filed in this court, in conformity with the requirement that, where a bill of review is proposed for the purpose of vacating or modifying a decree entered in the lower court pursuant to the mandate of the appellate court, the permission of the appellate court must first be obtained. In respect to the extent of the inquiry which the appellate court will make upon the presentation of such a petition, the practice has been somewhat elastic, and seems to have been regarded as in some measure a matter of convenience, and we find that often in the same court different courses have been pursued. Having it in mind that in such a case as this the decree proposed to be reviewed is in fact our own decree, entered by the Circuit Court upon a mandate which leaves no question for the determination of that court, we have held that the sufficiency of the reasons for disturbing such decree ought to be determined by the court whose decree it is, rather than by the court whose hand has entered it. Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 264; Jourolman v. Ewing, 85 Fed. 103, 29 C. C. A. 41; Kissinger-Ison Co. v. Bradford Belting Co., 123 Fed. 91. This practice presupposes that this court has sufficient data before it to form a satisfac-

tory conclusion as to whether the grounds shown by the petition are such as that, in justice to the parties, the decree should be reopened and the new grounds considered. No doubt, circumstances may arise where, from lack of means of information, or where matters are involved which have transpired in the court below after the entering of the decree of the appellate court and which are material to be considered, or for other reasons, the appellate court might think it best to remit the inquiry, in whole or in part, to the lower court, and authorize it to settle the matter. It seems anomalous that the decree of an appellate court should in any case be subject to the discretion of the lower court, but it is settled by long practice that the appellate court may delegate its authority to the lower court if it finds it expedient to do so. In the present case we find no reason for departing from the general rule which we have indicated.

The conditions of the case which we have to consider are, briefly stated, these: In the original cause it was proved beyond doubt that the contract of sale was brought about by the grossest frauds. We need not again go over the particulars. There was only one ground of defense worthy of consideration and that was that the complainant had, with knowledge of the facts, slept upon his right to rescind, and had dealt with the purchased property as his own. And we held that, although it did appear that he had for a considerable. time before he demanded a rescission of the sale known that he had been deceived, he was confronted with the fact that he had sent his own agent—an expert in such matters—to make thorough examination of the land, with a view to finding out whether the representations of his vendor were true or not, and the agent reported that they were true. This was before the purchase. But the agent had been corrupted, and reported falsely. This was not found out by the complainant for a considerable time, but when he learned of it he promptly began his suit. The final decree for the complainant was entered in the Circuit Court January 11, 1901. The petitioners now make application for leave to file a bill of review upon the ground that they have lately discovered new and important evidence, which, as they claim, entitles them to a reversal of our former decree. The newly discovered evidence is that of a deed of conveyance of the lands in. question in the original suit by the complainant to Gov. Bliss, of Michigan, in February, 1897, between two and three years after the suit was commenced. This deed, as the petition states, was withheld from record, and was finally destroyed, and a new deed given in its place, after the complainant had acquired the title by his purchase under his decree. The petitioners thereupon further aver "that said facts with reference to said sale by defendant Alger were purposely concealed from the court and the plaintiffs, and a fraud thereby worked upon the plaintiffs, in that they were prevented from taking advantage of their legal right to have said suit for rescission dismissed. because of said act of defendant Alger in making a sale of said lands during the pendency of said suit." To the petition an affidavit of one of the solicitors of the petitioners is attached, in which he states that he learned of the deed of February, 1897, from a statement casually made to him by Gov. Bliss in June, 1902, in the course of some busi-,

ness negotiations he was having with the Governor about some related matters. The two principal grounds upon which the application is rested are, first, that the deed of February, 1897, disabled the complainant in that suit from performing his part in the rescission prayed for, by reconveying the lands to the defendants in that suit; and, secondly, that the complainant thereby ratified the contract of sale which he was seeking to rescind.

1. Counsel for petitioners remind us of the rule stated in Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 264, and Jourolman v. Ewing, 85 Fed. 103, 29 C. C. A. 41, that "it is a leading rule that the new evidence must be of such a character and so controlling in its effect as that it would probably induce a different conclusion from that on which the former decree was based, in order to give ground for the filing of such a bill," citing 2 Daniell, Ch. Prac. 1577; and it is urged that the new evidence is of that character. But this statement by no means exhausts the conditions upon which a bill of review can be maintained. Another condition is that the party complaining must have been deprived of some substantial equity thereby; and this means not some technical advantage, upon which, if it had been known, that party would have been entitled to a different decree. Moreover, the court, in inquiring whether the party has been aggrieved, will look to the consequences which have ensued or are likely to ensue in consequence of the fault complained of. In other words, the court takes into view all the circumstances of the situation, for a bill of review is a dernier ressort, devised to relieve a party who has suffered a substantial wrong from the miscarriage of justice in the former proceedings. And the inquiry deals with the state of things existing at the time of filing the bill of review. That facts which might have availed to prevent the decree, or to reverse it upon appeal, will not suffice to enable a party to maintain a bill of review, unless such facts defeat a substantial equity, is a doctrine well established. In Thomas v. Harvie's Heirs, 10 Wheat. 146, 6 L. Ed. 287, there had been a decree requiring the defendant to convey certain lands to Harvie's heirs. Afterwards the defendant filed a bill of review, in which he alleged that Harvie died pending the original suit, and that the suit was revived in the name of his heirs, to whom the defendant was decreed to convey, and further alleged that since the decree a will of Harvie had been found, wherein he devised the lands to certain devisees, only one of whom was an heir. This, of course, showed error in the decree. But the Supreme Court held that it was not an error which touched any equity of the defendant, but was an error which the other parties might adjust among themselves. In Whiting v. Bank of United States, 13 Pet. 6, 10 L. Ed. 33, the defendant had died pending the suit, and it was not revived. Upon a bill of review filed by his heirs, assigning this as error, and that another necessary party had not been brought in, the court held that, assuming that these were errors which might have been complained of in the original suit, they were not available in a bill of review; and Mr. Justice Story, delivering the opinion, said:

"No party can, by the general principles of equity, claim a reversal of a decree upon a bill of review, unless he has been aggrieved by it, whatever

may have been his rights to insist on the error at the original hearing or on the appeal."

And in his work on Equity Pleading (section 411) the learned author instances under this rule that "matter of abatement has been also treated as not capable of being shown for error to reverse a decree"—a matter bearing a strong analogy to that in the present case. To the same effect is Lube's Eq. Pl. (2d Am. Ed.) 178.

It clearly appears that the petitioners have lost nothing by reason of the decree, except the technical advantage which they lost from not being able to present it in time to abate the suit. The consequences have been the same as if the deed had never been made, and their situation has not been impaired in respect of any equity of their own.

We have assumed in this discussion, so far, that the fact of the conveyance would have been ground for an abatement of the suit if it had then been known and presented. And we have also considered the conveyance as absolute and unconditional. The result is that the petitioners present no sufficient equitable ground on which to demand a review of the decree.

2. But in response to the order to show cause, the respondent has appeared and answered under oath, admitting the execution and delivery of the deed in question at the time stated in the petition, and states in explanation thereof, in substance, that it was done in pursuance of an understanding with Gov. Bliss that the conveyance was to be provisional only, and was to have effect if, as the respondent expected, he should, at the end of the litigation in which the lands were involved, have title to the land. His reasons for expecting that result were that in case he failed in his suit he should have the lands, and that if he succeeded he would in all probability acquire the lands by becoming the purchaser at the sale under the decree. The estate of the vendor was insolvent, and there was no likelihood that it could redeem, or those concerned in it would purchase, the land. And this was what in fact has happened, as the petitioners state. Certain business relations between the respondent and Gov. Bliss are narrated in the answer, giving color to this explanation, and it is confirmed by the affidavit of Gov. Bliss which is attached to the answer. The probabilities seem to us to favor the explanation. It was known to the parties to the transaction that the suit involving the lands was pending, and no purpose appears to have been entertained of withdrawing it. It must have been anticipated by Gov. Bliss that during its continuance the lands would be subject to such disposition as the court might make, and it seems unlikely that the respondent would have disqualified himself from surrendering the lands if his suit should succeed and the court should so order. The deed was not recorded, and this fact is relied upon by the petitioners as showing that it was known to be injurious to the objects of the suit, and was therefore concealed. But it is quite consistent with the explanation given that it should not have been recorded. The title to some of the tracts was unsettled, and the testimony shows that it remained unsettled until after the litigation was ended. Besides, if the agreement between the respondent

and Gov. Bliss was such as they state, the transaction was not definitely closed. And moreover the record would not show the conditions upon which the deed was made. In the end a new deed was given for such of the lands as it was shown the respondent could give a good title to, and the deed was recorded. The first deed was given as a conditional payment of certain obligations of the respondent to Gov. Bliss, and it is stated that a final adjustment was made at the time the new deed was given. If these were the facts, it is not singular that the second deed should have recited only a nominal consideration. It amounted to a confirmation of the original, with such modifications in the descriptions of the land as might be required. If there had been any purpose to mislead, it would be more natural to expect that the full consideration should have been stated.

We have gone somewhat into detail for the purpose of showing that there are at least plausible grounds for believing that the first deed, which is the basis of the petition, did not remove the land from the complainant's control, and was not intended to do so, and that it continued at all times subject to the exigencies of the suit. Standing alone, it would have had the effect claimed for it. But as the whole transaction is explained, it did not. And there can be no doubt that it is competent for the respondent to make the explanation. The petitioners were not parties to the deed, and it is familiar that, the parties to the deed being strangers to them, it is competent to show what the real transaction was. Certainly this is so in a case to be determined upon the broad principles of equity applicable to bills of review.

These conclusions lead to the result that a case is not shown such as would meet the requirements of the rule as stated by us in Jourolman v. Ewing, supra, that "the new evidence must be of such a character and so controlling in its effect as that it would probably induce a different conclusion from that on which the former decree was based, in order to give ground for the filing of such a bill," or, as more tersely stated by Mr. Justice Nelson in Southard v. Russell, 16 How. 546–569, 14 L. Ed. 1050, it must be "of a very decided and controlling character." The general rule applicable to the case was also stated by Mr. Justice Story in Wood v. Mann, 2 Sumn. 334, Fed. Cas. No. 17,953, in speaking of such a bill, as follows: "But the allowance of it is not a matter of right in the party, but of sound discretion in the court, to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause"—which observation was said by Waite, C. J., in Craig v. Smith, 100 U. S. 226–234, 25 L. Ed. 577, to "state the rule none too strongly."

3. Did the complainant by the execution of the deed of February, 1897, ratify the contract of sale by which he purchased the land? There was no communication of such a purpose to the defendants in the suit. And the purpose was not in fact entertained. Was the transaction between the respondent and Gov. Bliss of such a character as to indicate that, irrespective of his actual purpose, he dealt with the lands in a manner inconsistent with the election to rescind

which he had already made? For the reasons already stated, we think not.

Our conclusion is that the circumstances do not "demonstrate it to be indispensable to the merits and justice of the cause" that the former decree should be reviewed. The petition is therefore denied.