### CARP v. QUEEN INS. CO. et al.

(Circuit Court, W. D. Missouri, S. W. D. February 13, 1909.)

1. COURTS (§ 321*) — JURISDICTION — FEDERAL COURTS — ACTIONS AGAINST ALIENS.

An action by a citizen of Illinois against an alien insurance company for malicious prosecution was within the original jurisdiction of the federal Circuit Court sitting in Missouri.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 847, 849; Dec. Dig. § 321.*

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249.]

2. REMOVAL OF CAUSES (§ 61*)—NATURE OF ACTION—PETITION.

The nature of a cause of action for purposes of removal from a state to a federal court is that made by plaintiff's petition.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

3. REMOVAL OF CAUSES (§ 11*)—RIGHT TO REMOVE.

A cause of action, in order to be removable at all, must be such as might have been originally brought by the plaintiff in the federal Circuit Court to which a removal is desired.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

4. REMOVAL OF CAUSES (§ 11*)—JOINT CONTROVERSY.

Where plaintiff brought a joint action in a state court for malicious prosecution against several corporations, some of which were aliens and all of which were nonresidents of the state where the action was brought, plaintiff could not originally have sued the corporate defendants, which were citizens of states other than Missouri, without their consent in a federal Circuit Court sitting in Missouri, and hence plaintiff's joint action against all the defendants was not removable to that court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

On Motion to Remand.

Howard Gray, H. H. Bloss, and McNott & McNott, for plaintiff.
Ed. J. White and Barger & Hicks, for defendants.

POLLOCK, District Judge. Plaintiff, a citizen and resident of the state of Illinois, brought in the state court of this state his action

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to recover a judgment for damages sustained from defendants, the Queen Insurance Company and the Hanover Fire Insurance Company, corporate citizens of the state of New York, the Fireman's Fund Insurance Company, a corporate citizen of the state of California, the Hartford Fire Insurance Company, a corporate citizen of the state of Connecticut, and the National Assurance Company, a corporation of Ireland, the Commercial Union Assurance Company, Limited, a corporation of London, England, and the Hamburg-Bremen Fire Insurance Company of Hamburg, Germany, by reason of the alleged joint malicious prosecution of plaintiff by the defendants. Within due time, defendant the National Assurance Company of Ireland filed its separate petition and bond for removal of the cause of action thus pending against it into this court. A transcript has been lodged here by the removing defendant, and plaintiff has filed his motion to remand to the state court. This motion has been argued and briefed, and stands submitted for decision.

That the plaintiff, a citizen of Illinois, might, had he so desired, have brought his action against the removing alien defendant alone in this court, does not admit of controversy. In re Hohorst, Petitioner, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964. It thus clearly appears this court in such case would have complete original jurisdiction, concurrent with that of the state court, of the subject-matter of such controversy.

But the question here presented is, can the removing defendant bring its controversy with the plaintiff to this court, to the exclusion of the jurisdiction obtained by the state court wherein defendant is proceeded against by plaintiff, not alone, but jointly with other defendants, some of which are citizens of states of this country other than that of which the plaintiff is a citizen, and other than that of this state, and some are alien defendants, to recover for a joint tort done him by defendants? As the cause of action stated by plaintiff in his petition filed in the state court makes the wrong done him a joint tort, committed by all the defendants acting conjointly, and seeks a recovery of damages for such joint wrong, it is clear there is not and cannot be a removal of the cause to this court on the ground of the existence of a separable controversy between the plaintiff and the removing defendant, as the petition for removal would seem to allege.

It has been many times decided that the cause of action for removal purposes is precisely that which the petition of plaintiff makes it, and in this case the cause of action is thus made joint and not separable. Alabama Southern Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441; Cincinnati & Texas Pacific Ry. v. Bohon, 200 U. S. 221, 26 Sup. Ct. 166, 50 L. Ed. 448.

Again, that a cause of action may be removed into a Circuit Court of the United States at all, it must be such as might have been originally brought by the plaintiff in such Circuit Court. Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182. While plaintiff might originally have brought this action against the alien defendants, jointly, in this court, had he so desired, and could

he have procured valid personal service on such aliens in this jurisdiction, yet it is clear he could not have here brought his action against the corporate defendants, citizens of states other than this, without their consent, either singly or jointly, as they are now charged in the state court. For, under the present judiciary act, they have the undoubted right when proceeded against in a federal court of this country to require such action to be brought in the district whereof they are an inhabitant and in the state of which they are citizens. Galveston, etc., Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; Shaw v. Quincy Min. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768.

It is therefore clear the plaintiff, had he so desired, could not have originally brought this joint action against all the defendants in this court, and as the effect of the separate removal taken by defendant the National Assurance Company alone, if sustained, must result in bringing the entire joint controversy of plaintiff with all defendants before this court (Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U. S. 248, 20 Sup. Ct. 854, 44 L. Ed. 1055), when such joint controversy could not have been originally brought in this court, in my judgment, it follows, of necessity, the motion to remand must be sustained.

It is so ordered.