STONE v. CHICAGO, B. & Q. R. CO.

(District Court, W. D. Missouri, W. D. March 27, 1912.)

No. 3.859.

REMOVAL OF CAUSES (§ 27*)—DIVERSITY OF CITIZENSHIP—NONRESIDENCE OF BOTH PARTIES—"RESIDENCE" OF CORPORATION.

Within the meaning of the provisions of Judiciary Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), that "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," a railroad or other corporation of a state is a resident only of the state by which it is incorporated, and under section 2, which authorizes the removal only of suits "of which the Circuit Courts of the United States are given original jurisdiction by the preceding section," an action brought in a state court by a citizen of another state against a railroad company incorporated in a third state is one of which the federal court in that district is not "given original jurisdiction," and cannot be removed thereto by the defendant on the ground of diversity of citizenship, although it may have a line and places of business within the district and officers or agents on whom valid service may be made under the state law.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64–68; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 7, pp. 6151–6161; vol. 8, p. 7788.

Citizenship of corporation for purposes of federal jurisdiction, see notes to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174; Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by Luella Stone against the Chicago, Burlington & Quincy Railroad Company. On motion to remand to state court. Motion sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. W. Prince, for plaintiff.

Warner, Dean, McLeod & Timmonds, for defendant.

VAN VALKENBURGH, District Judge. This is a suit to recover damages for alleged personal injuries. The plaintiff is a citizen and resident of Wyandotte county, in the state of Kansas. The defendant is a corporation organized and existing under and by virtue of the laws of the state of Illinois. The ground upon which defendant seeks to remove the cause to this court is thus stated:

"Petitioner * * * is a corporation organized and existing under and by virtue of the laws of the state of Illinois, and as such corporation was and is a citizen of said state of Illinois, and not a citizen of the state of Missouri. Your petitioner further represents and shows to the court that at the time of the filing of plaintiff's original petition herein your petitioner, the Chicago, Burlington & Quincy Railroad Company, was, ever since has been, and now is, a resident, but not a citizen, of the Western Division of the Western District of Missouri; that, although your petitioner is not a citizen of the state of Missouri, by reason of its residence therein and by reason of its residence in the Western Division of the Western District of Missouri, the alleged cause of action attempted to be set up by plaintiff in her last amended petition might originally have been instituted by her against this defendant, your petitioner, in the United States District Court for the Western Division of the Western District of Missouri."

It is conceded that the defendant operates a portion of its line of railroad through this division and district; that it has complied with the laws of Missouri applicable to corporations foreign to the state; and that it has in this jurisdiction business offices and agents upon whom service of process may be made in conformity with the requirements of such laws. For all these reasons it asserts that it has here such a residence for jurisdictional purposes as is contemplated by the removal statute. Plaintiff in her motion to remand challenges the jurisdiction of this court, "for the reason that the plaintiff is a citizen and resident of the state of Kansas and the defendant a citizen and resident of the state of Illinois, and this cause is not one within the original jurisdiction of this court, hence this court cannot acquire jurisdiction by removal."

In January, 1911, in the case of Elizabeth Wheeler, Plaintiff, v. Atchison, Topeka & Santa Fé Railway Company, Defendant, this court had occasion to consider an application like this in all essential particulars. The memorandum opinion then handed down was not forwarded for publication. The conclusions reached at that time were thus stated:

"This is a motion to remand; the removal being founded solely upon diversity of citizenship, the defendant being a corporation organized and existing under the laws of the state of Kansas, and therefore a citizen and resident of that state, and the plaintiff being a citizen and resident of the Eastern Judicial District of Missouri. It is settled law that no suit is removable under section 2 of the removal act, unless it be one that plaintiff could have brought originally in the Circuit Court of the United States, to which it is sought to be removed. Ex parte Wisner, 203 U. S. 449–457 [27 Sup. Ct. 150, 51 L. Ed. 264]; Cochran v. Montgomery County, 199 U. S. 260 [26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451]; Mexican National Railroad v. Davidson, 157 U. S. 201–208 [15 Sup. Ct. 563, 39 L. Ed. 672]; Mahopoulus v. Chicago, R. I. & P. Ry. Co. [C. C.] 167 Fed. 165; Carp v. Queen Ins. Co. [C. C.] 168 Fed. 782. And

195 F.—53

within the meaning of this act a corporation is a citizen and resident only of the state of its incorporation. Shaw v. Mining Co., 145 U. S. 444 [12 Sup. Ct. 935, 36 L. Ed. 768]; Southern Pacific Ry. Co. v. Denton, 146 U. S. 202 [13 Sup. Ct. 44, 36 L. Ed. 942]; Bank of Augusta v. Earle, 13 Pet. 519–588 [10 L. Ed. 274]. For jurisdictional purposes it is an inhabitant only of the state under which it was incorporated, and is not suable elsewhere without its consent. United States v. Northern Pacific R. R. Co. et al. (C. C. A.) 134 Fed. 715 [67 C. C. A. 269]. When the jurisdiction is founded only on the fact that the parties are citizens of different states, the suit shall be brought in the district of which either party is an inhabitant. And it is established by the decisions of this court that within the meaning of this act a corporation cannot be considered a citizen, an inhabitant, or a resident of a state in which it has not been incorporated; and consequently that a corporation incorporated in a state of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a Circuit Court of the United States held in another state, even if the corporation has a usual place of business in that state. In re Keasbey & Mattison Co., 160 U. S. 221–229 [16 Sup. Ct. 273, 40 L. Ed. 402]; McCormick Co. v. Walthers, 134 U. S. 41–43 [10 Sup. Ct. 485, 33 L. Ed. 833]; Shaw v. Quincy Mining Co., 145 U. S. 444 [12 Sup. Ct. 935, 36 L. Ed. 768]; Southern Pacific Co. v. Denton, 146 U. S. 202 [13 Sup. Ct. 44, 36 L. Ed. 942]; Moyer v. Chicago, M. & St. P. Ry. Co. [C. C.] 168 Fed. 105; Mahopoulus v. Chicago, M. & St. P. Ry. Co. [C. C.] 167 Fed. 165; Clark v. Southern Pacific R. R. Co. [C. C.] 175 Fed. 122. It is not contended that plaintiff has consented to the jurisdiction of this court. Plaintiff could not have compelled defendant to accept this jurisdiction, and the defendant cannot compel the plaintiff to accept its invitation to litigate the case in a court to which plaintiff could not go except on such invitation. Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264]; Mahopoulus v. Chicago, M. & St. P. Ry. Co. [C. C.] 167 Fed. 165; Clark v. Southern Pacific R. R. Co. [C. C.] 175 Fed. 122. In the case of In re Dunn, 212 U. S. 374 [29 Sup. Ct. 299, 53 L. Ed. 558], mainly relied upon by defendant, it was recognized that the right to remove depends upon whether the suit could have been brought originally in the Circuit Court of the United States—citing, with approval, Cochran v. Montgomery County, 199 U. S. 260 [26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451]. In that case the defendant corporation was organized under the federal law; and, not having been incorporated in any state, the only question was as to the district of its residence for jurisdictional purposes, which, upon the facts, was held to be the Northern District of Texas. The principles above announced are not there departed from. It follows that, inasmuch as the plaintiff could not have brought her suit in this court in the first instance, she cannot be compelled without her consent to submit to its jurisdiction by removal. The principles stated have been so generally and so authoritatively announced that further elaboration here would be unwarranted consumption of time for no useful purpose. No such doubt exists as would justify this court in retaining jurisdiction under the rule stated in Boatman's Bank v. Fritzlen et al. (C. C. A.) 135 Fed. 650 [68 C. C. A. 288]. It is probably true that the suit was brought in the circuit court of Jackson county, Mo., for the purpose of avoiding the federal jurisdiction, but this fact cannot aid the defendant. The matter of removal, in cases like the present, is entirely within the control of Congress. Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206–219 [26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147]. And whatever it might do Congress has not made this case removable. The motion to remand is sustained."

The differences between that case and this in the matter of citizenship are that here the defendant is a citizen of Illinois instead of Kansas, and the plaintiff is a citizen of another state, instead of another judicial district of Missouri.

It has been brought to my attention that very recently a different conclusion has been reached in another district of this circuit; and for that reason this court is earnestly solicited to revise its former

ruling. The respect which is due to the opinions of other courts, the desirability of harmony of decision, and the regard that should be accorded to the zeal and diligence of able and painstaking counsel have led me to give this question further and careful examination.

The main, if not the sole, contention upon which this removal is sought, is that in the matter of residence there is a fundamental and controlling difference between an individual and a corporation, particularly a railroad corporation. In fact, the differences asserted between railroad corporations and other corporations with less fixity of physical property are greater even than those between individuals and corporations of the latter class. It is urged that a railroad corporation, while having its citizenship and likewise a residence fixed by its act of incorporation, may, nevertheless, acquire still another residence for jurisdictional purposes dependent upon the location and nature of its business, and the character and permanency of its property there located. It is further insisted that the doctrine announced in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, should not be applied to cases of the character now under consideration, and, if so applied, introduces a new and startling departure in the matter of railroad litigation not contemplated by the Supreme Court, and never hitherto considered by that tribunal in its relation to this subject-matter. We may freely concede the plausibility and ingenuity of this argument, but must not be led to adopt it without a careful consideration of principles authoritatively established by the courts of last resort.

The argument of counsel for petitioner involves the assumption that in the Wisner Case the Supreme Court announced a new doctrine, new, at least, as applied to railroad corporations, and that, as that case involved a controversy between individual citizens, the application of the principles declared has not been considered by that court with reference to such corporations. It is desirable, therefore, to consider what was decided in that case which would afford foundation for this contention. The first proposition is general in its character, and is in the following language:

"No suit which could not have been originally brought in the Circuit Court of the United States can be removed therein from the state court."

Or, as stated in the body of the opinion:

"It is settled that no suit is removable under section 2 unless it be one that plaintiff could have brought originally in the Circuit Court."

There is nothing new in this doctrine. The court cites in support of it Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Mexican National Railroad v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Cochran v. Montgomery County. 199 U. S. 260–272, 26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451. In the first of these cases attention is called to the fact that section 2 of the Acts of 1887–88 by express language allows removal to be made only in suits—

"of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, thus (as the court says) limiting the jurisdiction

of a Circuit Court of the United States on removal by the defendant, under this section, to such suits as might have been brought in that court by the plaintiff under the first section. 24 Stat. 553; 25 Stat. 434. The change is in accordance with the general policy of these acts, manifest upon their face, and often recognized by this court, to contract the jurisdiction of the Circuit Courts of the United States. Smith v. Lyon, 133 U. S. 315–320 [10 Sup. Ct. 303, 33 L. Ed. 635]; In re Pennsylvania Co., 137 U. S. 451–454 [11 Sup. Ct. 141, 34 L. Ed. 738]; Fisk v. Henarie, 142 U. S. 459–467 [12 Sup. Ct. 207, 35 L. Ed. 1080]; Shaw v. Quincy Mining Co., 145 U. S. 444–449 [12 Sup. Ct. 935, 36 L. Ed. 768]; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673–687 [14 Sup. Ct. 533. 38 L. Ed. 311]." Tennessee v. Union & Planters' Bank, 152 U. S. 454–462, 14 Sup. Ct. 654, 38 L. Ed. 511.

In Cochran et al. v. Montgomery County, supra, it was again held:

"That those suits only can be removed of which the Circuit Courts are given original jurisdiction, and that the right of removal because of diversity of citizenship can only be exercised by a defendant who is a citizen, or by defendants who are citizens, of a state other than that in which the suit is pending."

And, further, that no construction must be given to the removal act which "ignores the main purpose of the Act of 1887, which was to restrict the jurisdiction of the Circuit Court."

This proposition announced in the Wisner Case, not only is not new, but is conceded and recognized by petitioner in its removal petition in this language:

"The alleged cause of action attempted to be set up by plaintiff in her last amended petition might originally have been instituted by her against this defendant, your petitioner, in the United States District Court for the Western Division of the Western District of Missouri."

The remaining pronouncement of the Wisner Case, with which we are here concerned, is this:

"An action commenced in a state court by a citizen of another state against a nonresident defendant who is a citizen of a state other than that of the plaintiff cannot be removed by the defendant into the Circuit Court of the United States."

Of course, it is recognized that the District Court now occupies the same position as did the Circuit Court under the former law. This second proposition flows directly from the first. There is no contention that it does not control cases between natural persons. If it does not apply to the present case, it must be because there is an essential distinction between natural persons and corporations, particularly railroad corporations. It therefore becomes pertinent to inquire whether the Supreme Court has recognized such a distinction, so far as the controversy before us may be affected, and whether it has expressly, or by implication, considered and decided the question now before us; for upon this will depend whether such an open and doubtful question is presented as to warrant this court in assuming jurisdiction to the end, if for no other reason, that it may be speedily adjudged by that tribunal.

That part of the statute upon which this controversy is founded is this:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that

whereof he is an inhabitant. But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

The question turns upon whether the petitioner has a residence apart from its citizenship, and whether it has such residence in this division and district. If it has, then this case might have been brought originally to this court, and for that reason be removed to this court. This matter has been frequently considered by the Supreme Court and by the Court of Appeals for this circuit; and, in my opinion, has been finally settled.

In Shaw v. Quincy Mining Company, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, it was said:

"Under Act March 3, 1887, c. 373, § 1 [24 Stat. 552], as corrected by Act Aug. 13, 1888, c. 866 [25 Stat. 433], a corporation incorporated in one state only cannot be compelled to answer in a Circuit Court of the United States held in another state in which it has a usual place of business to a civil suit at law or in equity brought by a citizen of a different state."

In his opinion Mr. Justice Gray discusses the words "inhabitant" and "citizen" in the earlier acts, and as they are carried through subsequent legislation, and finds that the former was used in no larger meaning than the latter, but "to avoid the incongruity of speaking of a citizen of anything less than a state." "Inhabitant" and "resident" are held to be synonymous. He sums the situation up in the following language:

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a Circuit Court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen; and that this act, therefore, having taken away the alternative, permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident. In the case of a corporation, the reasons are, to say the least, quite as strong for holding that it can sue and be sued only in the state and district in which it has been incorporated, or in the state of which the other party is a citizen. In Bank of Augusta v. Earle, 13 Pet. 519, 588 [10 L. Ed. 274], Chief Justice Taney said: 'It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of the law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty. But, although it must live and have its being in that state only, yet it does not by any means follow that its existence there will not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another.' This statement has been often reaffirmed by this court with some change of phrase, but always retaining the idea that the *legal existence*, the *home*, the *domicile*, the *habitat*, the *residence*, the *citizenship* of the corporation can only be in the state by which it was created, although it may do business in other states whose laws permit." Shaw v. Quincy Mining Company, supra. (The italics are mine.)

Again, in Re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, the court said that a corporation incorporated in a state of the Union cannot be compelled to answer to a suit in a district in which it is not incorporated and of which the plaintiff is not an inhabitant, although it does business and has a general agent in that district. Mr. Justice Gray, the writer also of this opinion, calls attention to the fact that under the earlier act of 1875, which provided that no civil suit should be brought against any person in any other district than that whereof he is an inhabitant or in which he shall be found, a corporation could doubtless have been sued either in the district in which it was incorporated, or in any district in which it carried on business and had a general agent. But respecting the present law he says:

"But, when the jurisdiction is founded only on the fact that the parties are citizens of different states, the suit shall be brought in the district of which either party is an inhabitant. And it is established by the decisions of this court that *within the meaning of this act a corporation cannot be considered a citizen, an inhabitant, or a resident* of a state in which it has not been incorporated; and consequently that a corporation incorporated in a state of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a Circuit Court of the United States held in another state, even if the corporation has a usual place of business in that state." In re Keasbey & Mattison Company, supra, at page 229 of 160 U. S., at page 275 of 16 Sup. Ct., 40 L. Ed. 402.

Here, again, the italics are mine. A distinction is also drawn between such corporations and those not incorporated in a state of the Union, in that such are not citizens or inhabitants of any district within the United States, and therefore not within the scope or intent of the provision requiring suit to be brought in the district of which the defendant is an inhabitant. Again, in United States v. Northern Pacific Railroad Company et al. (C. C. A., Eighth Circuit) 134 Fed. 715, 67 C. C. A. 269, Judge Hook, speaking for the court, said:

"For jurisdictional purposes, under Judiciary Act Aug. 13, 1888, a corporation is an 'inhabitant' only of the state under which it was incorporated, and is not suable elsewhere without its consent. * * * The fact that a corporation does business in a state other than that of its incorporation does not make it an inhabitant of that state for purposes of jurisdiction. It remains an inhabitant of the state under the laws of which it was organized. * * * The doctrine which we have applied is now firmly established."

It is quite as firmly established that the words "inhabitant" and "resident," as used in this act, are synonymous, and so they are conceded to be by counsel for petitioner. If so, how may a corporation be a resident of a district of which it cannot be an inhabitant? The corporation involved in the case last cited was the Western Union Telegraph Company, and it is urged that neither in that case, nor in Shaw v. Quincy Mining Company, nor in Re Keasbey & Mattison Company were railroad corporations under consideration; and therefore that the rule announced does not necessarily apply, and does not, in fact, apply to corporations of the latter kind. The reason stated is that the property of railroad companies in any given state and district is so extensive and so permanently located in its nature that the residence of the corporation becomes thereby fixed and localized. To my mind

there is no sound reason for this distinction. The difference, if there is any, is in degree only. Residence, as well as citizenship, depends, not upon property, but upon intent. It inheres in persona not in re. In the case of a corporation it is artificial and arbitrary. To avoid confusion and to give proper effect to statutes conferring jurisdiction and the right of removal, the Supreme Court has arbitrarily assigned both citizenship, and residence to the state of incorporation; and, having done so, it has placed all corporations upon the same footing, as, indeed, the spirit of our institutions would demand. That in most states a residence of corporations organized in other states has been recognized for purposes of service of process, and the like, and that such residence and the jurisdiction of the local courts have been made conditions precedent to a license to do business in such states, can have no effect upon acts of Congress conferring or limiting federal jurisdiction, nor upon the interpretation of such acts and the definition of their terms by the Supreme Court of the United States. Jurisdiction of the federal courts, by reason of diversity of citizenship, was conferred because it was assumed that local sympathy may incline to the citizen of that state in which the case is tried. To remove this inequality, so far as practicable, a national tribunal was provided; but the power to prescribe the boundaries of jurisdiction, including the right of removal, was vested in the Congress. Changed conditions may suggest change in such provisions, but that is for the legislative branch of the government. As closer physical relations with other communities cannot change the citizenship of the corporation, neither can they operate to create a residence distinct from that citizenship, and inconsistent with the very theory upon which jurisdiction, based upon diversity of citizenship, is conferred. That right is founded not upon distinctions between persons, whether natural or corporate as such, but upon diversity in locality of citizenship and residence. When Congress by the acts of 1887 and 1888 sought to contract the jurisdiction of the federal courts, admittedly as to natural persons, by no longer permitting the action to be brought in a district where the defendant might be found, is it probable that, respecting corporations, the law was intended to remain unchanged? It will be noted that in cases like that at bar both parties in their citizenship are strangers to the state jurisdiction in which the suit is brought. However, the Supreme Court has expressly made the rule announced in Shaw v. Quincy Mining Company and in Re Keasbey & Mattison Company applicable to railroad corporations. In Southern Pacific Railway Company v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, the plaintiff, a citizen of the state of Texas and a resident in the Eastern District thereof brought an action in the Circuit Court of the United States for the Western District of that state against the defendant, a corporation incorporated in the state of Kentucky. Here it will be seen that one of the parties, to wit, the plaintiff, was a citizen and resident of the state in which the suit was brought, but in a district other than that in which the jurisdiction was invoked. The railroad company filed an answer or demurrer, in the nature of a plea to the jurisdiction, maintaining that the suit, if brought in the state

of Texas at all, must be brought in the district of the residence of the plaintiff—that is to say, in the Eastern District of Texas—and this plea was, of course, sustained. Mr. Justice Gray, again delivering the opinion of the court said:

"The case is governed by the decision of this court at the last term, by which it was adjudged that the act of 1887, having taken away the alternative, permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires an action at law, the jurisdiction of which is founded only upon its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident; and that a corporation cannot, for this purpose, be considered a citizen or a resident of a state in which it has not been incorporated."

That the exemption from being sued in any other district might be waived by the corporation is recognized here, as in many other cases, but that privilege does not confer a jurisdiction upon the federal court within the meaning of the removal act. Shanberg v. Fidelity & Casualty Co., 158 Fed. 1-3, 85 C. C. A. 343, 19 L. R. A. (N. S.) 1206. The federal court is not given such jurisdiction; and, as we have seen, those suits only can be removed of which that court is given original jurisdiction. To the same effect is Galveston, etc., Railway Company v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. Citations might be indefinitely multiplied of cases confirming the conclusions reached. Many of them are to be found in the opinions to which reference has been made, but it is not believed that further analysis of the authorities will be found either necessary or profitable.

It is urged that the peculiar character of the property of railroad companies demands that their residence be recognized to be in the various states and districts through which they operate. If this be so, as has already been pointed out, the duty lies with the legislative department to remedy the defect. The function of this court is not to make law, but to interpret it, and such interpretation should be in harmony with and not in defiance of that of Appellate Courts of controlling authority. This court cannot say that a corporation may reside where the Supreme Court says it cannot reside; and it cannot say that a suit may be removed when Congress has said that it cannot be removed. Being conscious of no doubt of the correctness of the conclusion reached, I am constrained to hold that the case must be remanded.