THOMAS v. SOUTH BUTTE MINING CO.

(Circuit Court of Appeals, Ninth Circuit. March 20, 1916.)

No. 2269.

1. EQUITY ⚖️442—BILL OF REVIEW.
    A bill of review deals with the state of things existing at the time it is filed.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1065–1070; Dec. Dig. ⚖️442.]

2. COURTS ⚖️322(3)—JURISDICTION OF FEDERAL COURTS—CONSTRUCTION OF STATUTE—"INHABITANT"—"RESIDENT."
    In the acts of Congress defining the jurisdiction of the federal courts, the words "inhabitant" and "resident" are synonymous, and an allegation that a complainant corporation is a "resident" of another state is sufficient.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 878, 879; Dec. Dig. ⚖️322(3).
    For other definitions, see Words and Phrases, First and Second Series, Inhabitant; Resident.]

3. COURTS ⚖️314—JURISDICTION OF FEDERAL COURTS—RESIDENCE OF CORPORATION.
    A corporation is a resident of the state which chartered it, for purposes of the jurisdiction of a federal court.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. ⚖️314.]

4. EQUITY ⚖️53(2)—JURISDICTION—ADEQUATE REMEDY AT LAW—WAIVER OF OBJECTION.
    The objection that the complainant in a suit in equity has an adequate remedy at law, unless made by the pleadings, is waived.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 174; Dec. Dig. ⚖️53(2).]

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. EQUITY ☞447(4)—BILL OF REVIEW—NEW EVIDENCE—DILIGENCE.**

 To warrant a court in permitting the filing of a bill of review for the purpose of introducing new evidence, it must appear that such evidence was unknown to the moving party and could not have been produced on the hearing.

 [Ed. Note.—For other cases, see Equity, Cent. Dig. § 1094; Dec. Dig. ☞447(4).]

Petition for Order Directing the District Court of the United States for the District of Montana to Receive and Consider Bill of Review.

Suit in equity by the South Butte Mining Company against Thomas D. Thomas. Decree for complainant affirmed. 211 Fed. 105, 128 C. C. A. 33. On application by defendant for an order directing the District Court for the District of Montana to receive and consider a bill of review. Denied.

Allen G. Fisher and Hedweg E. Federle, both of Chadron, Neb., for appellant.

John A. Shelton, of Butte, Mont., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] On February 2, 1914, this court affirmed on appeal the decree of the court below in Thomas v. South Butte Mining Company, Appellee, 211 Fed. 105, 128 C. C. A. 33, and thereafter the mandate of this court was issued to the court below. The appellant now presents to this court a petition for leave to file in the court below a bill of review for the purpose of setting aside and annulling the decree so entered in that court upon the mandate from this court. As was said by Judge Severens in Keith v. Alger, 124 Fed. 32, 59 C. C. A. 552:

 "A bill of review is a dernier ressort, devised to relieve a party who has suffered a substantial wrong from the miscarriage of justice in the former proceedings. And the inquiry deals with the state of things existing at the time of filing the bill of review."

The appellant in his petition and the bill of review which he proposes to file alleges two errors of law appearing on the record, and refers to evidence which, he says, is now available, and which was not presented on the former trial of the case.

[2] The errors of law so alleged are: First, that the trial court had no jurisdiction of the cause, for the reason that it was not alleged in the appellee's complaint that the South Butte Mining Company, which was alleged to be a corporation of Minnesota, was also an "inhabitant" of that state; the allegation being that it was a citizen and "resident" of that state. We need devote no time to discussion of this point. It has always been held, in construing the acts of Congress which define the jurisdiction of the federal courts, that the word "inhabitant" is synonymous with "resident." Bogue v. Chicago, B. & Q. R. Co. (D. C.) 193 Fed. 728, 733; Stone v. Chicago, B. & Q. R. Co. (D. C.) 195 Fed. 832; Bicycle Stepladder Co. v. Gordon (C. C.) 57 Fed. 529; Shaw v. Quincy Mining Co., 145 U. S. 444,

12 Sup. Ct. 935, 36 L. Ed. 768; United States v. Penelope, 2 Pet. Adm. 438, 27 Fed. Cas. 486.

[3] The appellant makes the further point that on the proofs the appellee was shown to be a resident of Montana, where it had its principal place of business. We find in the record no proof on the subject. We do find that the appellant admitted that the appellee is a corporation as alleged in its bill. No further proof was required of that fact. A corporation is a resident of the state which chartered it. Shaw v. Quincy Min. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Stone v. Chicago, B. & Q. R. Co. (D. C.) 195 Fed. 832.

[4] The other error of law alleged is that it appears from the record that the court had no jurisdiction for the reason that the appellee had an adequate remedy at law. The objection that there was an adequate remedy at law was not made in the original suit, and was therefore waived. Southern Pac. R. Co. v. United States, 133 Fed. 651, 66 C. C. A. 581; McCloskey v. Pacific Coast Co., 160 Fed. 794, 87 C. C. A. 568, 22 L. R. A. (N. S.) 673.

It does not clearly appear from the bill or the petition just what new evidence the appellant proposes to adduce in addition to that which was presented on the trial, nor does it appear that it is newly discovered evidence. As we understand the allegations, they are: First, the appellant will offer evidence to show that the appellee on the trial of the cause withheld from the court evidence which was pertinent to the issues. The precise nature of that evidence is not disclosed, and the allegations are not sufficient to show that there was any fraudulent concealment of it. Second, it is claimed that the appellant will show that the appellee is estopped to dispute the validity of his location of the quartz mining claim in controversy by the fact that immediately after the commencement of the suit in the court below the defendant itself procured a mining lode location to be made thereof for its own benefit. We are unable to see how an estoppel could arise from that act, if it were proven. The appellee may have been moved to make such a lode location in order to forestall further hostile acts of locators who might seek to obtain from the appellee property to which it had title under a placer location.

[5] The final answer to all these proffers of evidence which the appellant proposes to produce is that it is not alleged that the evidence was unknown to the appellant and could not have been produced on the original trial of the cause. Purcell v. Miner, 4 Wall. 519, 521, 18 L. Ed. 435; Nickle v. Stewart, 111 U. S. 776, 4 Sup. Ct. 700, 28 L. Ed. 599.

We have not overlooked the petitioner's allegations that owing to his financial condition he was without means to employ counsel upon the hearing of the case in the court below, and was without advice as to the amount of proof required and as to his rights in a court of equity, and that through misadventure he failed to present to the lower court, and was unable to discover the amount of proof which was required from him for the protection of his substantial rights. On account of the fact that the petitioner was without counsel and was himself evidently unskilled in the law, this court took particular

care, on the appeal of the cause to this court, to protect his rights so far as it was authorized to do so on the case made upon the pleadings and proceedings in the court below; and for the same reason this court now examines with scrupulous care the appellant's petition and the proposed bill of review, to determine whether leave should be granted to file the latter. The question is in no respect involved in doubt, and we can find no ground whatever upon which to predicate such relief, assuming, which we do not decide, that this court has jurisdiction of the petition. In such a case it is the duty of the appellate court to deny the petition. Kimberly v. Arms (C. C.) 40 Fed. 548; Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 263; Kissinger-Ison Co. v. Bradford Belting Co., 123 Fed. 91, 59 C. C. A. 221.

The petition is denied.